**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Daniel R. Warner, Esq. (AZ Bar # 026503)
Email: dan@rmwarnerlaw.com
Raeesabbas Mohamed, Esq. (AZ Bar # 027418)
Email: Raees@rmwarnerlaw.com
Tel: 480-331-9397
Fax: 1-866-961-4984
*Attorneys for Rhondie Voorhees*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Audrey Davis**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Rhondie Voorhees**, personally and as Dean of Students at Embry-Riddle Aeronautical University; **The Embry-Riddle Aeronautical University Board Of Trustees**; **Embry-Riddle Aeronautical University**; and **Tyler Smith**, an individual,<br><br>Defendants. | NO. 3:21-cv-08249-DLR<br><br>**RHONDIE VOORHEES'S ANSWER AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |
| **Rhondie Voorhees**, an individual<br><br>Counterclaimant,<br>v.<br><br>**Audrey Davis**, an individual,<br><br>Counterdefendant. | |

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

Defendant/Counterclaimant Rhondie Voorhees ("Dr. Voorhees") by and through undersigned counsel, hereby responds to Plaintiff's Complaint (Doc. 1 and refiled without exhibits at Doc. 6), raises her affirmative defenses, and asserts her counterclaims. Dr. Voorhees denies each and every allegation in the Complaint not specifically admitted herein. Dr. Voorhees incorporates certain headings used by Plaintiff in the Complaint for convenience and ease of reference, and hereby denies any allegations, assertions or inferences associated with any headings used by Plaintiff. With respect to the specific corresponding paragraphs of the Complaint, Dr. Voorhees responds as follows:

## ANSWER TO COMPLAINT

### INTRODUCTION

Dr. Voorhees denies all allegations pertaining to her made by Plaintiff in the Introduction to the Complaint. Dr. Voorhees further avers that Plaintiff's allegations pertaining to Dr. Voorhees are frivolous and are being presented for an improper purpose, have no evidentiary support, are incapable of having evidentiary support in the future, and were knowingly false when made. Plaintiff is hereby notified that Dr. Voorhees will be seeking sanctions under Fed. R. Civ. P. 11 and/or A.R.S. § 12-1349 at the appropriate time in the future.

### VENUE, JURISDICTION, AND PARTIES

1.      Dr. Voorhees denies the allegations contained in Paragraph 1 of the Complaint.

2.      Dr. Voorhees lacks sufficient knowledge or information to admit or deny

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of the Complaint and therefore denies the same.

4.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Complaint and therefore denies the same.

5.      Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies the same.

6.     Responding to Paragraph 6 of the Complaint, Dr. Voorhees admits that Embry-Riddle Aeronautical University ("ERAU") has a campus in Prescott, Arizona, and that Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681 et seq. may apply to ERAU under certain circumstances. Dr. Voorhees lacks sufficient knowledge or information to admit or deny the balance of the allegations in Paragraph 6 of the Complaint and therefore denies the same.

7.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies the same.

8.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies the same.

9.     No response to Paragraph 9 of the Complaint is required.

**FACTUAL ALLEGATIONS**

10.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Complaint and therefore denies the same. Dr.

Voorhees further avers that she is not certain whether she was employed by ERAU at the time of this alleged incident or when Plaintiff submitted a grievance with ERAU under Title IX. In any event, Dr. Voorhees further avers that she has no oversight or supervision over any Title IX matters at ERAU.

11.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies the same.

12.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies the same.

13.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies the same.

14.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

the allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Complaint and therefore denies the same.

21. Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Complaint and therefore denies the same.

22. Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23. Responding to Paragraph 23 of the Complaint, Dr. Voorhees admits this allegation to the very limited extent that Plaintiff attempted to escalate her dissatisfaction to Dr. Voorhees. However, it was explained to Plaintiff multiple times and in many ways that Dr. Voorhees was not involved in overseeing or supervising Title IX matters at ERAU, that the reporting lines and structures for Title IX matters at ERAU required Dr. Voorhees to defer to ERAU's Title IX coordinator and that person's supervisor, the Vice President and General Counsel for ERAU, and that Plaintiff would need to address the issue with ERAU's Vice President. Dr. Voorhees denies the balance of the allegations and implications in Paragraph 23.

24. Dr. Voorhees denies the allegations contained in Paragraph 24 of the Complaint.

25. Dr. Voorhees denies the allegations contained in Paragraph 25 of the Complaint.

26. Dr. Voorhees denies the allegations contained in Paragraph 26 of the

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

Complaint.

27.     The allegations contained in Paragraph 27 of the Complaint were knowingly false when made by Plaintiff and are sanctionable. Nowhere in the articles cited by Plaintiff in the defamatory petition she published on Change.org was there any allegation that Dr. Voorhees was run out of her prior position at the University of Montana because of her hostility toward a sexual assault victim there. In fact, one of the articles cited by Plaintiff noted how Dr. Voorhees was praised for her work by a victim. Moreover, Plaintiff has since learned that Dr. Voorhees's departure from the University of Montana stemmed from her efforts to bring to light concerns about Title IX violations and student and campus safety, especially for female students and faculty, as well as her own safety. Dr. Voorhees denies the allegations contained in Paragraph 27 of the Complaint.

28.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Complaint and therefore denies the same.

29.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Complaint and therefore denies the same.

30.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Complaint and therefore denies the same.

31.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 31 of the Complaint and therefore denies the same.

32.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny

the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 33 of the Complaint and therefore denies the same.

34.     Responding to Paragraph 34 of the Complaint, Dr. Voorhees admits that, on or about February 15, 2021, Plaintiff published the petition attached as Exhibit 1 to the Complaint on Change.org (the "Petition"). Dr. Voorhees denies the balance of the allegations and implications in Paragraph 34. Dr. Voorhees further avers that Plaintiff knowingly published false and defamatory statements on Change.org to maliciously harm her reputation and career.

35.     Dr. Voorhees denies the allegations contained in Paragraph 35 of the Complaint.

36.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of the Complaint and therefore denies the same.

37.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 37 of the Complaint and therefore denies the same.

38.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 38 of the Complaint and therefore denies the same.

39.     Dr. Voorhees denies the allegations contained in Paragraph 39 of the Complaint.

40.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 40 of the Complaint and therefore denies the same.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

41.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Complaint and therefore denies the same.

42.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 42 of the Complaint and therefore denies the same.

43.     Dr. Voorhees denies the allegations contained in Paragraph 43 of the Complaint. Dr. Voorhees further avers that she does not handle Title IX matters and therefore cannot "mishandle" them.   Moreover, Plaintiff was informed of this many times, and Plaintiff acknowledged that she understood; yet, after acknowledging her understanding, Plaintiff maliciously published the false and defamatory Petition directly targeted at Dr. Voorhees.

44.     Dr. Voorhees denies the allegations contained in Paragraph 44 of the Complaint.

45.     Dr. Voorhees denies the allegations contained in Paragraph 45 of the Complaint.

46.     Responding to Paragraph 46 of the Complaint, Dr. Voorhees admits that she hired counsel to help facilitate a resolution between her and Plaintiff. Dr. Voorhees denies the balance of the allegations and implications in Paragraph 46.

47.     Dr. Voorhees denies the allegations contained in Paragraph 47 of the Complaint.

48.     Dr. Voorhees denies the allegations contained in Paragraph 48 of the Complaint.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

49.     Responding to Paragraph 49 of the Complaint, Dr. Voorhees admits that she sued Plaintiff for defamation in Yavapai County Superior Court (the "Defamation Lawsuit").   Dr. Voorhees denies the balance of the allegations and implications in Paragraph 49.

50.     Dr. Voorhees denies the allegations contained in Paragraph 50 of the Complaint.  Dr. Voorhees further avers that (1) Plaintiff participates in the Army ROTC program; (2) the Army's own website states that ROTC participants are not enlisted in the Army and will not be sent to boot camp;[1] (3) Plaintiff was personally served with the Defamation Lawsuit at her mother's home in North Carolina on June 7, 2021; (4) Plaintiff was married to her current husband on June 19, 2021; (5) Plaintiff did not start participating in any ROTC training exercises until July 7, 2021; and (6) Plaintiff strategically waited to file anything in the Defamation Lawsuit until after Dr. Voorhees filed a request for entry of default and while Plaintiff was participating in the ROTC training exercises.

51.     Dr. Voorhees denies the allegations contained in Paragraph 51 of the Complaint. Dr. Voorhees further avers that Plaintiff's father never stated that Plaintiff would be on "active duty" in his email to Dr. Voorhees's counsel. Moreover, his email to counsel was riddled with blatant misstatements and falsehoods. Consequently, in addition to similar instances in the past, his statements were not credible.

52.     Dr. Voorhees denies the allegations contained in Paragraph 52 of the Complaint. Dr. Voorhees further avers that the request for entry of default was made in

---

[1] *See* ROTC FAQ, attached as **Exhibit 1** hereto.

the Defamation Lawsuit on July 8, 2021 before receiving any notice that Plaintiff was claiming to be on "active duty." In the Defamation Lawsuit, on July 19, 2021, Plaintiff filed a Motion to Continue under 50 U.S.C.A. § 3932. This was the first time Dr. Voorhees received notice that Plaintiff was claiming to be on "active duty." Moreover, given that Plaintiff was not enlisted in the Army (according to the Army's own website) and merely participating in an ROTC training exercise, Plaintiff's claim to be on "active duty" was highly suspect. Moreover, Plaintiff failed to meet the very basic requirements needed to obtain a continuance under 50 U.S.C.A. § 3932. And even after retaining counsel, and filing an abundance of improper motions and documents in the Defamation Lawsuit,[2] Plaintiff never complied with the most basic requirement of § 3932 – "A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." 50 U.S.C.A. § 3932(b).

53.    Dr. Voorhees denies the allegations contained in Paragraph 53 of the Complaint.

54.    Dr. Voorhees denies the allegations contained in Paragraph 54 of the Complaint.

55.    Dr. Voorhees denies the allegations contained in Paragraph 55 of the

---

[2] Upon information and belief, Plaintiff was aware that filing a motion to dismiss in the Defamation Lawsuit was improper given the pending Motion to Continue and entry of default, but that Plaintiff filed the motion to dismiss, along with other documents riddled with incendiary statements, for the purpose of feeding misinformation to the media, as well as artificially and improperly inflating Plaintiff's attorneys' fees. Plaintiff purposefully made a spectacle out of the Defamation Lawsuit, and Plaintiff now seeks to continue with her defamatory media spectacle in this lawsuit.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

Complaint. Dr. Voorhees further avers that it was Plaintiff's own conduct that caused her any purported damages.  Had Plaintiff elected to appropriately deal with the Defamation Lawsuit, rather than wrongfully seek to take advantage of the Servicemembers Civil Relief Act ("SCRA"), along with needlessly filing improper motions to rack up attorneys' fees, Plaintiff would have no damages and the dispute between Dr. Voorhees and Plaintiff would have been resolved long ago.  However, it is apparent that Plaintiff is attempting to use Dr. Voorhees as an instrument to obtain settlement monies from ERAU.

## COUNT I

### BATTERY / SEXUAL BATTERY by DEFENDANT TYLER SMITH

56.     Responding to Paragraph 56 of the Complaint, Dr. Voorhees hereby incorporates by reference all of her responses in the paragraphs above and below as though fully set out herein.

57.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 57 of the Complaint and therefore denies the same.

58.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 58 of the Complaint and therefore denies the same.

59.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 59 of the Complaint and therefore denies the same.

60.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 60 of the Complaint and therefore denies the same.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

61.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 61 of the Complaint and therefore denies the same.

62.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 62 of the Complaint and therefore denies the same.

## COUNT II

## TITLE IX VIOLATIONS by ERAU DEFENDANTS

## GENDER/SEX DISCRIMINATION, HOSTILE ENVIRONMENT

63.     Responding to Paragraph 63 of the Complaint, Dr. Voorhees hereby incorporates by reference all of her responses in the paragraphs above and below as though fully set out herein.

64.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 64 of the Complaint and therefore denies the same.

65.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the Complaint and therefore denies the same.

66.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 66 of the Complaint and therefore denies the same.

67.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 67 of the Complaint and therefore denies the same.

68.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Complaint and therefore denies the same.

69.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny

the allegations in Paragraph 69 of the Complaint and therefore denies the same.

70.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 70 of the Complaint and therefore denies the same.

71.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 71 of the Complaint and therefore denies the same.

72.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Complaint and therefore denies the same.

73.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Complaint and therefore denies the same.

74.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 74 of the Complaint and therefore denies the same.

75.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 75 of the Complaint and therefore denies the same.

76.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Complaint and therefore denies the same.

77.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 77 of the Complaint and therefore denies the same.

## COUNT III

## RETALIATION BY ERAU DEFENDANTS

78.     Responding to Paragraph 78 of the Complaint, Dr. Voorhees hereby incorporates by reference all of her responses in the paragraphs above and below as

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

though fully set out herein.

79.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Complaint and therefore denies the same.

80.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 80 of the Complaint and therefore denies the same.

81.     Dr. Voorhees denies the allegations contained in Paragraph 81 of the Complaint.

82.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 82 of the Complaint and therefore denies the same.

83.     Dr. Voorhees denies the allegations contained in Paragraph 83 of the Complaint.

84.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 84 of the Complaint and therefore denies the same.

85.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 85 of the Complaint and therefore denies the same.

86.     Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 86 of the Complaint and therefore denies the same.

**COUNT IV**

**VIOLATION OF THE SCRA BY DEAN RHONDIE VOORHEES**

87.     Responding to Paragraph 87 of the Complaint, Dr. Voorhees hereby incorporates by reference all of her responses in the paragraphs above and below as

14

**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

though fully set out herein.

88.    Responding to Paragraph 88 of the Complaint, no response is required.

89.    Responding to Paragraph 89 of the Complaint, no response is required.

90.    Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 90 of the Complaint and therefore denies the same.

91.    Responding to Paragraph 91 of the Complaint, Dr. Voorhees admits that her counsel filed the declaration required under Ariz. R. Civ. P. 55, and that the declaration was true and correct when filed. Dr. Voorhees further avers that (1) Plaintiff participates in the Army ROTC program; (2) the Army's own website states that ROTC participants are not enlisted in the Army and will not be sent to boot camp;[3] (3) Plaintiff was personally served with the Defamation Lawsuit at her mother's home in North Carolina on June 7, 2021; (4) Plaintiff was married to her current husband on June 19, 2021; (5) Plaintiff did not start participating in any ROTC training exercises until July 7, 2021; (6) the request for entry of default was made in the Defamation Lawsuit on July 8, 2021 before receiving any notice that Plaintiff was claiming to be on "active duty; (7) on July 19, 2021, Plaintiff filed a Motion to Continue under 50 U.S.C.A. § 3932, and this was the first time Dr. Voorhees received notice that Plaintiff was claiming to be on "active duty"; (8) no *default judgment* was ever entered against Plaintiff in the Defamation Lawsuit; and (9) Dr. Voorhees voluntarily dismissed the Defamation Lawsuit without prejudice, rendering the *entry* of default null and void. Dr. Voorhees denies the balance of the allegations and implications in Paragraph 91.

---

[3] *See* ROTC FAQ, attached as <u>Exhibit 1</u> hereto.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

92.     Dr. Voorhees denies the allegations contained in Paragraph 92 of the Complaint.

93.     Dr. Voorhees denies the allegations contained in Paragraph 93 of the Complaint.

94.     Dr. Voorhees denies the allegations contained in Paragraph 94 of the Complaint. Plaintiff was not handicapped in her ability to defend.  Instead, she chose to ignore the Defamation Lawsuit for almost an entire month, and then sought to take advantage of the SCRA as soon as she started her ROTC training.

95.     Dr. Voorhees denies the allegations contained in Paragraph 95 of the Complaint.

96.     Responding to Paragraph 96 of the Complaint, no response is required.

97.     Responding to Paragraph 97 of the Complaint, no response is required.

98.     Dr. Voorhees denies the allegations contained in Paragraph 98 of the Complaint.

99.     Dr. Voorhees denies the allegations contained in Paragraph 99 of the Complaint.

100.     Dr. Voorhees denies the allegations contained in Paragraph 100 of the Complaint.

101.     Dr. Voorhees denies the allegations contained in Paragraph 101 of the Complaint. Dr. Voorhees further avers that it was Plaintiff's own conduct that caused her any purported damages.  Had Plaintiff elected to appropriately deal with the Defamation

Lawsuit, rather than seeking to take advantage of the SCRA, along with needlessly filing improper motions to rack up attorneys' fees, Plaintiff would have no damages and the dispute between Dr. Voorhees and Plaintiff would have been resolved long ago.

**COUNT V**

**RESPONDEAT SUPERIOR - SCRA**

102.    Responding to Paragraph 102 of the Complaint, Dr. Voorhees hereby incorporates by reference all of her responses in the paragraphs above and below as though fully set out herein.

103.    Dr. Voorhees denies the allegations contained in Paragraph 103 of the Complaint.

104.    Dr. Voorhees denies Plaintiff is entitled to any relief, including the relief referenced in Paragraph 104 of the Complaint. Dr. Voorhees further avers that Plaintiff's allegations pertaining to Dr. Voorhees are frivolous and are being presented for an improper purpose, have no evidentiary support, are incapable of having evidentiary support in the future, and were knowingly false when made. Plaintiff is again hereby notified that Dr. Voorhees will be seeking sanctions under Fed. R. Civ. P. 11 and/or A.R.S. § 12-1349 at the appropriate time in the future.

**COUNT VI**

**RESPONDEAT SUPERIOR**

105.    Responding to Paragraph 105 of the Complaint, Dr. Voorhees hereby incorporates by reference all of her responses in the paragraphs above and below as

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

though fully set out herein.

106.   Dr. Voorhees lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 106 of the Complaint and therefore denies the same.

107.   Dr. Voorhees denies Plaintiff is entitled to any relief, including the relief referenced in Paragraph 107 of the Complaint.

108.   Dr. Voorhees denies each and every allegation not specifically admitted herein.

109.   Dr. Voorhees further avers that Plaintiff's allegations pertaining to Dr. Voorhees are frivolous and are being presented for an improper purpose, have no evidentiary support, are incapable of having evidentiary support in the future, and were knowingly false when made. Plaintiff is again hereby notified that Dr. Voorhees will be seeking sanctions under Fed. R. Civ. P. 11 and/or A.R.S. § 12-1349 at the appropriate time in the future.

## **AFFIRMATIVE DEFENSES**

Without admitting the truth of any allegation set forth in the Complaint, Dr. Voorhees asserts the following affirmative defenses to the claims purportedly stated therein:

1.   The Complaint, and each and every claim alleged therein, fails to allege facts sufficient to state a claim upon which relief may be granted.

2.   Plaintiff's alleged damages, if any, are the direct and proximate result of intervening and superseding acts of third parties not affiliated with Dr. Voorhees and/or

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

not under Dr. Voorhees's domain or control.

3.      Plaintiff is estopped, in whole or in part, from asserting the claims alleged in the Complaint by virtue of the Plaintiff's own acts and omissions.

4.      Plaintiff is barred from recovery by virtue of her own unlawful and/or inequitable conduct, which constitutes unclean hands/*in pari delicto*.

5.      Plaintiff is barred from recovery by virtue of her failure to mitigate damages and her failure and refusal to take such actions as reasonably necessary to minimize any loss which may have been sustained.

6.      Any damages or loss sustained by each Plaintiff was proximately caused and/or contributed to by Plaintiff's own conduct, or the acts and/or omissions of Plaintiff's agents, thereby precluding Plaintiff's claims entirely, reducing Plaintiff's recoverable damages, and/or entitling Dr. Voorhees to a proportional set-off.

7.      Plaintiff is barred from recovery by the doctrine of contributory negligence or comparative fault because any damages allegedly sustained by Plaintiff were caused by Plaintiff, others, and/or non-parties at fault.

8.      Dr. Voorhees asserts all additional affirmative defenses in Rules 8 and 12 of the Federal Rules of Civil Procedure, which, if proven, could bar or reduce Plaintiff's recovery. Dr. Voorhees alleges that she cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

WHEREFORE, having fully answered Plaintiff's Complaint, Dr. Voorhees respectfully requests the Court to enter judgment as follows:

A.      Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

B.      Dr. Voorhees be granted judgment in her favor;

C.      A finding, under A.R.S. § 12-1349, that Plaintiff brought her claims without substantial justification, Plaintiff brought her claims to harass Dr. Voorhees and/or unreasonably expanded the proceeding.

D.      A finding, under Fed. R. Civ. P. 11, Plaintiff's allegations pertaining to Dr. Voorhees are frivolous and are being presented for an improper purpose, have no evidentiary support, are incapable of having evidentiary support in the future, and were knowingly false when made.

E.      Dr. Voorhees be awarded her reasonable attorneys' fees and costs, as well as sanctions pursuant to Fed. R. Civ. P. 11, A.R.S. §§ 12-341 and 12-1349; and

F.      For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Defendant/Counterclaimant Rhondie Voorhees ("Dr. Voorhees") alleges as follows for her counterclaim against Plaintiff ("Davis"):

## PARTIES, JURISDICTION AND VENUE

1.      Dr. Voorhees resides in Yavapai County, Arizona.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

2.      Davis, at all relevant times hereto, was a resident of Yavapai County, Arizona.

3.      Although Davis is currently married, all tortious conduct alleged herein was performed by Davis before her marriage on June 19, 2021.

4.      This Court has supplemental jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1367 because the claims are so related to Plaintiff's claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Upon information and belief, jurisdiction and venue are proper in this Court.

**FACTS**

6.      All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

7.      Dr. Voorhees is the Dean of Students at Embry-Riddle Aeronautical University in Prescott, Arizona ("ERAU").

8.      Davis is currently a student at ERAU.

9.      Upon information and belief, in 2019, Davis filed a complaint with ERAU under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681 et seq.

10.     Davis was displeased with how ERAU investigated the Title IX complaint and/or its findings.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

11.     In September of 2020, Davis met with Dr. Voorhees regarding Davis's concerns.   Two members of Davis's Army ROTC cadre leadership were also present at that meeting (Major Jackson and SFC J. DiCenzo).

12.     While Dr. Voorhees attempted to be empathetic to Davis's concerns, Dr. Voorhees made it very clear to Davis during the meeting that Dr. Voorhees is not, and has never been, involved with overseeing or supervising any Title IX issues at ERAU.

13.     Dr. Voorhees made it clear to Davis that Dr. Voorhees did not oversee or supervise Title IX matters at ERAU, and if Davis had concerns about a Title IX matter, then she should address it to the Title IX Coordinator's supervisor, who is the Vice President and General Counsel for the University.

14.     Dr. Voorhees drew a diagram for Davis on a whiteboard depicting the supervision structure of Title IX management on campus.

15.     More specifically, Dr. Voorhees drew a chart showing how Dr. Voorhees supervises another administrator on a half-time basis in her role as Associate Dean of Students only, and how this administrator reports to ERAU's legal counsel for her other half-time role as Title IX Coordinator.[4]

16.     Dr. Voorhees made it very clear to Davis that Dr. Voorhees had never read Davis's entire case file and was unaware of all details concerning Davis's case.

17.     During the meeting, Davis acknowledged her understanding that Dr. Voorhees has nothing to do with any Title IX matters.

---

[4]The supervision of the Title IX Coordinator has since changed; she is no longer the Associate Dean of Students on a half-time basis and is now the fulltime Title IX Coordinator.

18.     Surprisingly, however, on or about February 15, 2021, Davis published several false and defamatory statements on Change.org (the "Petition").   *See* Petition, attached as **Exhibit 2** hereto.

19.     Davis knowingly made the false factual implication that Dr. Voorhees was not only responsible for Davis's investigation taking over 150 days, but that Dr. Voorhees was also responsible for how things were handled post-investigation, even though Davis was well aware that this was false.

20.     Davis also falsely published that "Dean of Students Rhondie Voorhees was asked to leave her last position at University of Montana for the culture she, and other staff members perpetuated regarding how the college system of justice handles rape."

21.     As stated at least one of the articles cited by Davis in the Petition, the University of Montana stated that they elected not to renew Dr. Voorhees's contract because the Dean of Students position was eliminated. The University of Montana has stated this publicly, along with the fact that Dr. Voorhees remained an employee in good standing throughout and was paid fully for the duration of her contract period.

22.     The online article that Davis cited in the Petition, presumably because of the headline ("Dean of Students asked to leave," Missoulian, August 20, 2018), refers at least five times to "reorganization," "restructure," and "redefined" or "changing" roles by the university in relation to the elimination of the Dean of Students position. The article also includes a reference to Dr. Voorhees being an "employee in good standing."

23.     Davis also falsely published that, "[i]n the total of 80 rapes over the span of

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

three years Dr. Voorhees oversaw, only one was convicted."

24.     However, while at UM, Dr. Voorhees was never responsible for "overseeing" Title IX matters; throughout her time at UM as Dean of Students, there was a Title IX Coordinator with those responsibilities.

25.     Dr. Voorhees did not oversee 80 rape cases during any three-year period while at the University of Montana ("UM"); in 2012 and 2013, long before her departure from UM, she reviewed a high-profile Title IX case involving an athlete, wherein over Dr. Voorhees' objection, she was instructed to apply a higher burden of proof when reviewing the findings.

26.     Additionally, there was not "80 rapes" in "three years" at the University of Montana at any time while Dr. Voorhees was Dean of Students.

27.     In the Petition, Davis also falsely states that, "Dean Rhondie made Trans student drop out, after coming out. Stating they violated the student conduct after an incident that occurred 6mo prior."

28.     Dr. Voorhees vehemently rejects the characterization that she is anti-LGBTQ as Davis falsely implied. Moreover, the facts of that case, as described in the news article the Davis linked to in her own petition, indicate that the fact the student was transgender had nothing to do with any student conduct action.

29.     The false and defamatory statements contained in the Petition and referenced above will hereinafter collectively be referred to as the "False Statements."

30.     In addition to publishing the Petition, on February 15, 2021, Davis emailed

at least 74 students and faculty at ERAU and directed them to "check out this petition and share." *See* Email, attached as **Exhibit 3** hereto.

31.     Davis also posted on Facebook.com the false and defamatory implication that Dr. Voorhees was directly connected to the alleged mismanagement of Davis's Title IX case at ERAU.

32.     Upon information and belief, after publishing the Petition, Davis also created and disseminated at least four memes of Dr. Voorhees, each containing a False Statement or variation thereof, designed and intended to impeach Dr. Voorhees's ability to adequately perform her duties as the Dean of Students at ERAU.

33.     Davis's conduct was clearly intended to cause harm to Dr. Voorhees's reputation and interfere with her employment with ERAU.

34.     After Dr. Voorhees confronted Davis about why and how the False Statements were not true, Davis took several days to remove the Petition, as well as the Facebook comment, after receiving several demands from Dr. Voorhees.

35.     On February 16, 2021, Davis was also informed by a Title IX investigator at ERAU that Dr. Voorhees "has nothing to do with Title IX here at ERAU or any of its processes." The investigator reiterated to Davis that the Title IX Coordinator reports to the Vice President and General Counsel for the University. He reiterated that, "Rhondie does not work within Title IX," and "she does not report to and is not a part of the same Title IX supervision and process like Liz and I are." Davis told the investigator on that day that she understood all of this and had no questions regarding it.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

36.     However, even after learning from an actual Title IX investigator at ERAU that the Petition contained several false and defamatory statements, Davis failed to act promptly to remove the Petition.

37.     After receiving several demands from Dr. Voorhees to delete the Petition, Davis finally did so on February 21, 2021.

38.     At this point, however, the False Statements began to spread well beyond ERAU, and individuals who were not affiliated with ERAU began to share the Petition on social media and make new negative comments about Dr. Voorhees.

39.     It was explained to Davis the damage she caused and that she would continue to cause if she did not promptly issue a retraction.

40.     For several months after publishing the False Statements, Davis continued to act with reckless indifference to the harm she continues to cause by refusing to issue any retraction.

41.     While Dr. Voorhees has been extremely empathetic to Davis under the circumstances, Dr. Voorhees cannot and will not allow Davis to destroy Dr. Voorhees's reputation, which has taken decades and countless sacrifices to build.

**COUNT I—DEFAMATION AND DEFAMATION PER SE**

42.     All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

43.     The False Statements made by Davis are about and concerning Dr. Voorhees.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

44.     Without privilege, Davis communicated the False Statements to various third parties via the Internet and/or intentionally made such statements on the Internet, which were accessible to third parties without password protection.

45.     Various third parties have viewed and commented on the False Statements published on the Internet.

46.     Davis also emailed the Petition to at least 74 people, including students, faculty and staff through the campus email, and several people discussed the email with Dr. Voorhees.

47.     Given the manner in which the False Statements were published, it is evident that the False Statements have been published to third parties with malice, spite, or ill will and with the intent of causing harm to the reputation, employment and economic interests of Dr. Voorhees.

48.     The False Statements published by Davis impeach the honesty, integrity, or reputation of Dr. Voorhees.

49.     The False Statements bring Dr. Voorhees into disrepute, contempt, or ridicule.

50.     The False Statements made by Davis constitute defamation per se and general damages are presumed as a matter of law.

51.     In making and publishing the False Statements, Davis had knowledge of or acted in reckless disregard as to the falsity of the False Statements.

52.     Davis published the False Statements knowing that they would be widely

1

disseminated and result in pecuniary loss, as well as irreparable harm.

2

53.     As a direct and proximate result of Davis posting the False Statements, Dr.

3
4
5

Voorhees has sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, losses in business opportunities, loss of earnings, loss of earning capacity, and a loss of business relations

6
7
8

with existing and future business prospects, including potentially ERAU and other academic institutions.

9

10

54.     As a direct and proximate cause of the conduct by Davis, Dr. Voorhees has

11
12

suffered, and will continue to suffer, humiliation, extreme emotional distress, anxiety, depression, stomach aches, headaches, lack of sleep, lack of a desire to eat, emotional

13
14

pain and suffering, and anguish.

15

55.     Upon information and belief, Dr. Voorhees has suffered a direct pecuniary

16
17

loss as the result of the publication of the False Statements.

18

56.     Dr. Voorhees has suffered general and special damages in an amount to be

19

proven at trial.

20

57.     In making and publishing the False Statements, Davis acted maliciously,

21
22

willfully, wantonly, and unlawfully.

23

58.     For such willful and malicious acts, Dr. Voorhees hereby seeks punitive

24

damages in addition to actual damages.

25

26

59.     Davis's acts, omissions, conduct and transactions alleged herein were

27

aggravated, outrageous, and guided by evil motives wherein Davis intended to harm Dr.

28

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

Voorhees and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Dr. Voorhees.

60.   To dissuade Davis from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Daviss in the sum of sufficient magnitude to punish Davis and to deter similar conduct by others.

## COUNT II—FALSE LIGHT INVASION OF PRIVACY

61.   All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

62.   In making and publishing the False Statements, Davis caused Dr. Voorhees to be portrayed out of context and in false light.

63.   The False Statements are about and concerning Dr. Voorhees.

64.   Davis communicated the False Statements to third parties via the Internet and email and/or intentionally made such statements on the Internet accessible to third parties without password protection.

65.   Davis's False Statements are and would be highly offensive to a reasonable person and have been published to third parties with the apparent intent of causing harm to Dr. Voorhees.

66.   In making and publishing the False Statements, Davis knew the False Statements were false or acted in reckless disregard as to the falsity of the False Statements.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

67.     As a direct and proximate cause of the conduct by Davis, Dr. Voorhees has suffered, and will continue to suffer, humiliation, extreme emotional distress, anxiety, depression, stomach aches, headaches, lack of sleep, lack of a desire to eat, emotional pain and suffering, and anguish.

68.     In making and publishing the False Statements, Davis acted maliciously, willfully, wantonly, and unlawfully.

69.     For such willful and malicious acts, Dr. Voorhees hereby seeks punitive damages in addition to actual damages.

70.     Davis's acts, omissions, conduct and transactions alleged herein were aggravated, outrageous, and guided by evil motives wherein Davis intended to harm Dr. Voorhees and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Dr. Voorhees.

71.     To dissuade Davis from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Daviss in the sum of sufficient magnitude to punish Davis and to deter similar conduct by others.

72.     There is a substantial risk that unless Davis's wrongful acts described herein are permanently enjoined, Davis will continue to irreparably injure Dr. Voorhees by publishing the False Statement and/or publishing additional false and defamatory statements.

73.     Dr. Voorhees has no adequate remedy at law; therefore, Dr. Voorhees is

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

entitled to injunctive relief, including, but not limited to, an order requiring Davis remove

the False Statements (if any remain online) and prohibiting Davis from publishing and/or

publicly communicating any false and defamatory statements.

**WHEREFORE**, Dr. Voorhees demands judgment against Davis as follows:

A.    For a permanent injunction compelling Davis to remove from the Internet all false and defamatory material pertaining to Dr. Voorhees;

B.    For a permanent injunction compelling Davis to remove from the Internet all False Statements pertaining to Dr. Voorhees;

C.    For a permanent injunction enjoining Davis from publishing the False Statements and/or any other defamatory material to any third party;

D.    For general damages in an amount to be proven at trial;

E.    For special damages in an amount to be proven at trial;

F.    For punitive damages in an amount to be proven at trial;

G.    For Dr. Voorhees's costs herein incurred;

H.    For Dr. Voorhees's reasonable attorneys' fees incurred herein;

I.    For interest on the foregoing attorneys' fees and court costs at the statutory rate from the date of judgment until paid;

J.    For prejudgment and post-judgment interest on all damages at the highest rate allowed by law from the date of injury until paid in full; and

K.    For such other and further relief as the Court deems just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Dr. Voorhees demands a jury trial on all the issues so triable.

RESPECTFULLY SUBMITTED this 7th day of December, 2021.

**RM WARNER, PLC**

By:     /s/ Daniel R. Warner, Esq
        Daniel R. Warner, Esq.
        8283 N. Hayden Road Suite 229
        Scottsdale, Arizona 85258
        *Attorneys for Rhondie Voorhees*

1

## <u>CERTIFICATE OF SERVICE</u>

2

I HEREBY CERTIFY that, on the submission date referenced above, I caused the

3

foregoing document to be electronically filed with the Clerk of the Court using CM/ECF.   I

4

further certify that a true and correct copy of the foregoing document being served via

5

transmission of Notices of Electronic Filing generated by CM/ECF.

6

7

8                                                                    /s/ Daniel R. Warner

9                                                                    Daniel R. Warner

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

33