Marc J. Randazza (AZ Bar No. 027861)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff / Counterclaim-Defendant
Audrey Davis

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Audrey Davis,<br><br>          Plaintiff /<br>          Counterclaim-Defendant,<br><br>     v.<br><br>Rhondie Voorhees,<br><br>          Defendant /<br>          Counterclaim-Plaintiff,<br><br>     and,<br><br>ERAU College Board of Trustees; ERAU;<br>and Tyler Smith,<br><br>          Defendants. | Case No. 3:21-cv-08249-DLR<br><br><br>**DECLARATION OF<br>MARC J. RANDAZZA** |

I, Marc J. Randazza, declare:

1.     I am over 18 years of age and have never been convicted of a crime involving fraud or dishonesty.  I have first-hand knowledge of the facts set forth herein, and if called as a witness could and would testify competently thereto.

2.     I am an attorney licensed in the States of Nevada, California, Arizona, Massachusetts, and Florida, and have nearly 20 years of experience as an attorney.

3.     I have a BA from the University of Massachusetts, Amherst, where I earned a B.A. in journalism, and focused my studies on media law. I have a JD from Georgetown

1 University Law Center. I also hold a Master's Degree in Mass Communications from the

2 University of Florida, where I also focused on media and First Amendment law studies.

3 Finally, I have an LL.M. from the University of Turin, Italy. A true and correct copy of my

4 curated *curriculum vitae* is attached to Plaintiff Audrey Davis's Motion for Costs and

5 Attorneys' Fees (the "Fee Motion") as **Exhibit 14**.

6        4.     I am the managing partner of Randazza Legal Group, PLLC ("RLG").

7        5.     The primary focus of my practice is free speech and First Amendment

8 litigation.

9        6.     I am attorney of record for Audrey Davis.

10        7.     As managing partner of RLG, I oversee the billing entries for the firm on this

11 case, utilizing the billing software Bill4Time. Attached as **Exhibit 12** to the Fee Motion

12 are the billing entries for Davis's case in spreadsheet format. The fee spreadsheet contains

13 a true and correct account of the time RLG's attorneys and staff spent on the case, and the

14 hourly rates charged for this work.

15        8.     The spreadsheet displays the date of entry; the attorney, paralegal, or staff

16 performing the work; the description of the work performed; and the amount of time spent

17 performing that activity, as entered into Bill4Time, tracked in one-tenths of an hour.

18        9.     Due to my legal expertise and reputation, I have appeared on and written

19 articles for numerous national news sources, including (but not limited to) National Public

20 Radio, The New York Times, CNN, Fox News, NBC, and Vegas Inc., and I was a

21 columnist for CNN.

22       10.     I submitted proposed Anti-SLAPP legislation to the Nevada Senate on March

23 15, 2013. I was called as a witness before the Nevada State Senate Judiciary committee to

24 testify as an expert on First Amendment law and Anti-SLAPP laws for the benefit of the

25

RANDAZZA | LEGAL GROUP

committee and the Senate in passing this important law. On April 22, 2013, the Nevada Senate voted on the proposed Anti-SLAPP Statute, and passed it unanimously. I appeared before the Assembly Judiciary Committee on May 6, 2013.  On May 22, 2013, the Nevada Assembly voted on the Anti-SLAPP statute, and passed the proposed statute unanimously. On May 27, 2013, Governor Brian Sandoval approved the bill. I testified before the Nevada Assembly Committee on the Judiciary on April 24, 2015 when the Nevada legislature was considering SB 444, an amendment that would have stripped Nevada's Anti-SLAPP statute of its most important protections and remedies and would have rendered it useless.  I also led the lobbying effort to save the statute from the significant changes SB 444 would have brought.  In fact, I alone lobbied against it and I was instrumental in crafting the language in the statute today.  The version of SB 444 that ultimately passed, creating the current version of the statute, retains the substance of the 2013 statute with relatively mild changes.

11.     I have also assisted legislatures in Pennsylvania, Ohio, and New York on Anti-SLAPP legislation.

12.     For this matter, all RLG attorneys and staff billed Davis at their customary rates. However, out of respect for the important First Amendment issues this case presented, and the lack of access to justice that Davis may have suffered otherwise, RLG entered into a fee agreement with Davis whereby she would be entitled to a discount on her bill if payment was made within a certain time period.

13.     RLG recorded a total of 132.0 hours in relation to defending Voorhees's claims against Davis in the action filed by Voorhees in Yavapai County Superior Court (the "State Court Action").

14.     Of those 132.0 hours recorded, 125.9 hours were actually billed to Davis for a total fee amount of $54,225.00.

RANDAZZA | LEGAL GROUP

15.     After reviewing the billing entries recorded in relation to the State Court Action, RLG voluntarily reduced the amount sought in the Fee Motion by a total of 38.6 hours, accounting for $18,190.00 in fees because such time relates to work product and research that can be reused in responding to Voorhees's counterclaim in this action, or is otherwise not properly compensable. In reviewing the billing entries for this matter, RLG erred on the side of writing off any time that could be reused for the purposes of this action.

16.     The total amount sought in Davis's Fee Motion is $36,035.00, which represents 87.3 hours of time spent litigating the State Court Action.

17.     My current billing rate is $900 per hour. For purposes of the Fee Motion, I worked 25.7 compensable hours. This included significant drafting, interviewing and discussing complex facts with my client, and preparing for and participating in oral argument.

18.     Attorney Ronald Green has a JD from University of Pittsburgh School of Law and is a Nevada-licensed attorney with 21 years of litigation experience. He has spent most of his career as an intellectual property litigator, and has several years of experience with defamation and First Amendment cases. Mr. Green's customary billing rate is $550 per hour. For purposes of the Fee Motion, he worked 10.8 compensable hours.

19.     Attorney Jay M. Wolman has a JD from Georgetown University Law Center. He is licensed to practice in New York, Massachusetts, and Connecticut, and has approximately 20 years of litigation experience. He has significant experience in defamation and First Amendment litigation. Due to Mr. Wolman's limited role in this litigation, however, Davis does not seek compensation for his time spent working on this case.

20.     Attorney Alex J. Shepard earned his JD from Washington University School of Law, is licensed to practice in both Nevada and California, and has approximately 8 years of experience, primarily in intellectual property and First Amendment litigation, including defamation cases. Mr. Shepard's customary billing rate is $450 per hour.  For purposes of the Fee Motion, he worked 3.0 compensable hours.

21.     Trey Rothell earned his JD at the Florida State University College of Law and is licensed to practice law in the State of Nevada. Although he has been licensed for less than 1 year, Mr. Rothell worked for RLG as a law clerk for 3 years and has an additional 4 years of experience as a paralegal. His billing rate is $325 per hour as an attorney and was $200 per hour as a law clerk. For purposes of the Fee Motion, he worked 10.4 hours.

22.     Attorney Zachary I. Gorelick has been licensed to practice law for less than one year. Due to Mr. Gorelick's limited role in this litigation, however, Davis does not seek compensation for his time spent working on this case.

23.     Cassidy Curran is a paralegal with nearly two of experience.  Her billing rate is $175 per hour.  For purposes of the Fee Motion, she worked 14.2 compensable hours.

24.     Precious Carroll is a paralegal with approximately one year of experience. Her billing rate is $175 per hour. For purposes of the Fee Motion, she worked 2.2 compensable hours.

25.     Sam Manco is a paralegal with approximately one year of experience. His billing rate is $175 per hour. For purposes of the Fee Motion, he worked 5.5 compensable hours.

26.     Suzanne Levenson is a paralegal with approximately 8 years of experience. Her billing rate is $175 per hour. For purposes of the Fee Motion, she worked 15.5 compensable hours.

27.     Because of her limited role in the case, paralegal Brittani Holt's time was written off in its entirety.

28.     These rates are based on national market rates, as RLG's practice is nation-wide. However, we generally follow the Adjusted Laffey Matrix, with some elevated rates for special matters. Furthermore, we do not charge for most customary costs like long-distance phone calls, faxes, and the like, as we build most "costs" into our hourly rates rather than nickel-and-dime our clients for small costs and charges.

29.     In multiplying the respective rate by the compensable hours expended working on this case, the total attorneys' fees incurred in representing Davis for such work in this matter, billed at RLG's customary hourly rates, was $36,035.00.

30.     To maximize cost efficiency, I had others take primary responsibility for any investigation, research, and drafting memoranda they could for this action, while I provided litigation strategy and wrote the final drafts of the motions and pleadings.

31.     RLG made every effort to avoid duplication of work and otherwise minimize the fees and costs incurred by Davis, for example by having lower-cost associates perform work such as research and drafting legal memoranda, while partner-level attorneys were largely relegated to making strategic decisions, preparing the final drafts of motions, and appearing at hearings.

32.     In addition to time that can reasonably attributed to traditional research and drafting, RLG spent a significant portion of their time opposing Voorhees's bad-faith

1  attempts to secure a default against Davis, despite having knowledge of Davis's military

2  service.

3      33.   RLG additionally spent significant time responding to Voorhees's numerous

4  motions to strike Davis's filings.

5      34.   Because of Voorhees's insistence on challenging the bona fides of Davis's

6  military service, RLG was required to spend time coordinating with witnesses, including

7  an on-campus ROTC records specialist and Davis's superior officers.

8      35.   RLG was required to attend an in-person hearing on the issue of default in

9  Prescott, Arizona.

10     36.   Much of this time could have been obviated by Voorhees stipulating to setting

11  aside the default sought against Davis or not filing a false affidavit in the state court case

12  in order to secure a default

13     37.   Due to Davis's unavailability stemming from her active duty military service,

14  RLG was not retained by Davis until well after Voorhees sought entry of a default against

15  Davis. Due to this timeline, RLG was required to work quickly in briefing issues under the

16  Servicemember Civil Relief Act and arguing the same before the court, while also focusing

17  on Davis's substantive defenses.

18     38.   The research and briefing required the participation of most of RLG's

19  employees, so that Davis would not be prejudiced by any further delay.

20     39.   The information contained in this declaration and in the Fee Motion filed

21  herewith are truthful to the best of my knowledge and belief.

22      I declare under penalty of perjury that the foregoing is true and correct.

23      Executed on: December 28, 2021.

24                                    /s/ Marc J. Randazza
                                      Marc J. Randazza

25

RANDAZZA | LEGAL GROUP