# <u>EXHIBIT 3</u>

Motion to Deem Clerk's Default Void
or in the Alternative, to Set it Aside

Marc J. Randazza (AZ Bar No. 027861)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Audrey Davis and John Jacob Howe

**SUPERIOR COURT, STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF YAVAPAI**

| | |
|---|---|
| **RHONDIE VOORHEES**, an individual, | Case No. P1300CV202100396 |
| Plaintiff, | Dept. 2 |
| v. | **MOTION TO DEEM CLERK'S DEFAULT VOID OR IN THE ALTERNATIVE, TO SET IT ASIDE** |
| **AUDREY DAVIS**, an individual, and **JOHN JACOB HOWE**, an individual | |
| Defendant. | |

**1.0     Introduction**

Despite knowing that Audrey Davis was a servicemember on active duty, Plaintiff sought default against her under Ariz. R. Civ. P. 55(a).  The application for default was materially defective on two separate grounds, rendering it void *ab initio*.  Even if it hypothetically survived this challenge to its validity, there are good grounds to set it aside and permit Ms. Davis to defend herself on the merits.

Additionally, given that default was improperly entered even though Plaintiff was aware of Defendant Davis' military service, Defendant Davis requests reimbursement of the fees and costs she expended having default set aside.

**2.0    The Application for Default Was Void**

### 2.1    Void due to error in military status

Plaintiff's application for default contained the required certification from Plaintiff's counsel:

> "*To comply with the requirements of 50 U.S.C.A. § 520, I verify that, to the best of my knowledge, the above-named party is not in the military service, and is not an infant or incompetent.*"

Defendant will not accuse Attorney Warner of knowingly misrepresenting the facts. However, Attorney Warner was aware that Ms. Davis was going to be in active duty military service at the time. (*See* Email from Patrick Davis to Dan Warner and Anne Griffith, dated June 1, 2021, attached as **Exhibit A** to Patrick Davis Declaration**;** Audrey Davis Order, attached as **Exhibit A** to Audrey Davis Declaration (establishing that she was on active duty).)

However, it appears that this material falsehood in the Application is due to Attorney Warner misunderstanding the law, rather than a desire to mislead the Court. It appears, from Attorney Warner's arguments in the file thus far, that he did not consider ROTC to be "real military service." (*See* Response to Defendant's Motion to Continue, at 4-5.) However, Defendant Davis has presented adequate case law that demonstrates that ROTC is, indeed, "military service." *See, e.g., Brown v. United States*, 151 F.3d 800, 805 (8th Cir. 1998) ("Senior ROTC training activities are mandatory and supervised, and are defined as 'active military service'"); *Callis v. Shannon*, 93 Civ. 4983 (RPP), 1994 U.S. Dist. LEXIS 3711 (S.D.N.Y. Mar. 25, 1994) (describing an individual in the ROTC program as a member of the United States Army).

Pursuant to the provisions of 50 U.S.C. § 520, the affidavit submitted by Plaintiff's counsel with regard to the request for default contains misstatements regarding Defendant

Davis' military service. Regardless of the fact that said misstatements were likely unintentional mistakes of law, the default is void. Defendant was engaged in active military service when default was requested. Defendant requests that the instant Motion be granted.

**2.2    The Application is Void due to it being mailed in a manner that Davis could not have received it**

The application for default was mailed to Ms. Davis' parents' address in North Carolina, but was mailed there with the actual knowledge that Ms. Davis would be in ROTC drill at that time. Ms. Davis' father explained this to Attorney Warner. (*See* Declaration of Patrick Davis at **Exhibit A**.) Again, Attorney Warner may have mistakenly believed, in good faith, that "ROTC is not real military service." Nevertheless, he was on actual notice that mailing the Application for Default to Ms. Davis' mother, when Ms. Davis was scheduled to be on Fort Knox, was legally no different from sending no notice at all, thus voiding the Application. *See Ruiz v. Lopez,* 225 Ariz. 217, 236 P.3d 444, 588 Ariz. Adv. Rep. 36, 2010 Ariz. App. LEXIS 123 (Ariz. Ct. App. 2010) (appellant mailing of default judgement to street address without apartment number was "tantamount to sending no notice at all").

**3.0    Even if Valid, the Application for Default Should be Set Aside**

Even if it were not materially defective, and thus void, the Application for Default should be set aside. This Court has the right to set it aside upon "a determination of disputed questions of fact or credibility, a balancing of competing interests, pursuit of recognized judicial policy, or any other basis to which we should give deference." *Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 185, 188, 836 P.2d 398 (App. 1992) (quoting *City of Phoenix v. Geyler*, 144 Ariz. 323, 329, 697 P.2d 1073 (1985)).

Most of the case law surrounding this issue is in the realm of default *judgments* being set aside. A mere clerk's default, without default judgment, should be set aside if

there is any reason at all to do so. However, even under the more stringent analysis of a default *judgment*, it would be proper to permit Ms. Davis to have due process and defend herself on the merits.

Arizona law favors resolution on the merits, and therefore, if the trial court has any doubt about whether to vacate a default judgment, it should rule in favor of the moving party. *Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934, 1984 Ariz. LEXIS 187 (Ariz. 1984). *Sax v. Superior Court*, 147 Ariz. 518, 711 P.2d 657, 1985 Ariz. App. LEXIS 745 (Ariz. Ct. App. 1985) (When considering a motion to set aside a default, all doubts are to be resolved in favor of the defaulted party).

The test of what is excusable in a motion to set aside the judgment is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under similar circumstances. *Daou v. Harri*s, 139 Ariz. 353, 678 P.2d 934, 1984 Ariz. LEXIS 187 (Ariz. 1984).

**3.1   The failure to mail the Application in a manner that Ms. Davis would receive it creates grounds to set it aside**.

As discussed above, Ms. Davis was on active duty military service when Plaintiff sought default.  Had it been sent to her unit at Fort Knox, she likely would have received it, and she may have been able to seek assistance from the Army Judge Advocate General's Corps (JAG). However, since she did not receive it until she returned from active duty status, she was unable to react to it. (*See* Audrey Davis Declaration at ¶ 10.) At the time, the parties were in regular contact via phone and email.  (*See id.* at ¶ 11.) Therefore, this lack of notice could have *potentially* been avoided had the notice been sent via email as well.[1] Plaintiff chose not to use the most reliable and regular method of communication

---

[1]   This is not to take the position that email service is adequate under the applicable rules, but that this might have at least placed Ms. Davis on some kind of notice, even if that notice would not be acceptable notice under Rule 55.

between the parties – one that had seemingly been adequate for all other communications leading up to the motion for default.  There is no suggestion that this was done as a strategic move, but it would seem that the neglect to copy Defendant with an email creates additional excusable neglect on Davis's part.

Further, Ms. Davis did file a request to stay the proceedings, under the Servicemembers Civil Relief Act. Admittedly, it was not done to the standards that the Act calls for. Nevertheless, she did respond as a reasonably prudent person would have – sending a request to the Court to recognize her military status, and to ask for an extension of time in which to respond. That request has still not been acted upon, and could be acted upon in lieu of even considering this motion.

**3.2      The default should be set aside under the SCRA**

If a court enters a default judgment against a servicemember, the court shall set aside its judgment if the servicemember files a motion within 60 days after leaving active military service and can demonstrate that military service prejudiced his or her availability to appear in court (unless the default was based on a false affidavit by the plaintiff regarding military service of the defendant, in which case such a showing is unnecessary) and that there are meritorious or legal defenses to the suit. We have shown how the affidavit was false (although, again, we do not claim that it was done so intentionally; this appears to be a mistake of law on Plaintiff's part). Accordingly, given that the affidavit was false, no default judgment would be proper. And, any default entered would be able to be set aside. *See* 50 U.S.C. § 3931(g)(1).

Defendant has shown that the affidavit was false. At the time of the Application for Default, Davis was indeed on active duty. Further, the Affiant knew she was on active duty.

The only issue is that the affiant seemed to be unaware of the fact that ROTC training is "active duty" under the SCRA.

### 3.3   There was Excusable Neglect and a Meritorious Defense

Ms. Davis has shown clear excusable neglect. She submitted a request for an extension to respond to Plaintiff's Complaint pursuant to the Servicemembers Civil Relief Act. While she did not submit it in full compliance with the rules, she submitted it in the manner that a reasonably prudent person that did not have time to retain an attorney would have. Finally, she believed that submitting the request to the Court would keep her from defaulting until she could find an attorney. (*See* Audrey Davis Declaration at ¶ 14.)

Moreover, she was not disregarding this case. At her earliest opportunity, she filed paperwork to have counsel appointed. (*See id.* at ¶ 12.) She had multiple communications with Plaintiff's counsel throughout the spring and summer of 2021 and repeatedly told him that she was in ROTC. (*See id.* at ¶¶ 4-5.) Her father additionally informed Mr. Warner that Ms. Davis was in active service in the military. (*See id.* at ¶ 8.) She was unable to find an attorney that would work for amounts that she could afford until August 30, 2021. (*See id.* at ¶ 16.)

With respect to a meritorious defense, Davis has filed a motion to dismiss, which is incorporated by reference. She is entitled to have default set aside and to litigate the merits of this case against Plaintiff Voorhees.

### 4.0   Plaintiff Should Pay Ms. Davis's Attorneys' Fees

This Court has inherent authority to sanction bad faith conduct independent of the authority granted by Rule 11. *Hmielewski v. Maricopa County*, 192 Ariz. 1, 4, 960 P.2d 47 (App. 1997). These powers are governed by "the control necessarily vested in courts to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.*

In this case, Ms. Davis did nothing wrong. Moreover, given that a Clerk's default is easily set aside, standards of decency suggest that counsel would agree to set the default aside, particularly when the defaulted party presented counsel with valid reasons for not filing a timely response to the Complaint. As such, Ms. Davis respectfully requests that the Court award her the attorneys' fees and costs she expended getting the default set aside.

**5.0     Conclusion**

For each and every reason expressed herein, Defendant Audrey Davis respectfully requests that the Court grant the instant Motion: The Court should deem the Application for Default void, *ab initio* and accept the Motion to Dismiss for resolution on its merits. In the alternative, the Court should set aside the default and accept the Motion to Dismiss on its merits. In either event, Davis requests the fees expended in setting aside the improperly sought default.

Dated: October 7, 2021.              Respectfully submitted,

                                     /s/ Marc J. Randazza
                                     Marc J. Randazza (AZ Bar No. 027861)
                                     RANDAZZA LEGAL GROUP, PLLC
                                     2764 Lake Sahara Drive, Suite 109
                                     Las Vegas, NV 89117

                                     Attorneys for Defendants
                                     Audrey Davis and John Jacob Howe

Case No. P1300CV202100396

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of October 2021, I served a true and correct copy of the foregoing document via the Arizona Court's electronic filing system.

I further certify that a true and correct copy of the foregoing document is being served upon counsel for Plaintiff via electronic mail and U.S. Mail at the address listed below:

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, AZ 85258
Daniel R. Warner, Esq.
Email: dan@rmwarnerlaw.com
Raeesabbas Mohamed, Esq.
Email: Raees@rmwarnerlaw.com


/s/ Marc J. Randazza
Randazza Legal Group, PLLC

DocuSign Envelope ID: 30488BF7-5B27-443B-B70A-A418402F4DF4

**SUPERIOR COURT, STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF YAVAPAI**

| | |
|---|---|
| **RHONDIE VOORHEES**, an individual, | Case No. P1300CV202100396 |
| Plaintiff, | Dept. 2 |
| v. | **DECLARATION OF PATRICK DAVIS** |
| **AUDREY DAVIS**, an individual, and **JOHN JACOB HOWE**, an individual | |
| Defendant. | |

I, PATRICK DAVIS, declare:

1. I am over 18 years of age and have never been convicted of a crime involving fraud or dishonesty. I have first-hand knowledge of the facts set forth herein, and if called as a witness could and would testify competently thereto.

2. I am the father of Defendant Audrey Davis.

3. On June 1, 2021, I informed Daniel Warner and Anne Griffith at Plaintiff's law firm that my daughter Audrey would be at Ft. Knox for active Army training for the summer.

4. Attached as Exhibit A to this Declaration is a true and correct copy of an email that I sent to Mr. Warner and Ms. Griffith on June 1, 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ___10/7/2021___

DocuSigned by:

*Patrick Davis*

2736BA085818443

Patrick Davis

# _EXHIBIT A_

Email from Patrick Davis to Dan Warner
and Anne Griffith, dated June 1, 2021

DocuSign Envelope ID: 30488BF7-5B27-443B-B70A-A418402F4DF4



**me**  Jun 1
to Anne, Daniel

Hello Ms. Griffith and Mr. Warner,

I am surprised to learn that this is advancing to formal legal proceedings. Audrey has complied with all of Dr. Voorhees requests. She did not receive the go-ahead to send out the apology but she has done so as a matter of integrity. Audrey wishes to put this behind her. She was the victim of sexual assault on her campus and Dr. Voorhees was part of those proceedings. Audrey's investigation took over 180 days to complete and during that time she was intimidated by her assailant and was forced to go to class with him. Audrey only contacted Dr. Voorhees when her employee Liz Frost did not respond to emails, asked Audrey to be an intermediary, and a simple investigation took over half a year. I spoke with Dr. Voorhees on the phone about Audrey's Title IX investigation which is why I am surprised regarding this reaction. I hope Dr. Voorhees will instead of proceeding to court will choose to forgive Audrey and put this all behind everyone.

Audrey is currently in North Carolina at her mother's residence (Shannon & Chris Theis, Raleigh-Durham). I do not have the address but I will send it as soon as Audrey texts it to me. Audrey will not be there long because she is going to Ft. Knox for Army training the remainder of the summer. If there is any possibility of this not going to formal proceedings I would ask humbly that you and Dr. Voorhees reconsider.

Kindly,
Patrick

DocuSign Envelope ID: 118BF930-B0EB-41DA-AA9E-7B55E52EA0EB

**SUPERIOR COURT, STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF YAVAPAI**

| | |
|---|---|
| **RHONDIE VOORHEES**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**AUDREY DAVIS**, an individual, and **JOHN JACOB HOWE**, an individual<br><br>Defendant. | Case No. P1300CV202100396<br><br>Dept. 2<br><br>**DECLARATION OF AUDREY DAVIS** |

I, AUDREY DAVIS, declare:

1.    I am over 18 years of age and have never been convicted of a crime involving fraud or dishonesty.  I have first-hand knowledge of the facts set forth herein, and if called as a witness could and would testify competently thereto.

2.    I am a Defendant in this action.

3.    I am writing this Declaration in support of the Motion to Deem Clerk's Default Void or to Set It Aside.

4.    I had extensive communications with Ms. Voorhees' attorney, Dan Warner, through the spring and summer of 2021.

5.    In those conversations, and subsequent email communications, Attorney Warner was well aware that I was in ROTC.

DocuSign Envelope ID: 118BF930-B0EB-41DA-AA9E-7B55E52EA0EB

6.     I was on active orders for ROTC from July 02, 2021 to September 05, 2021. Attached as Exhibit A to this declaration is a true and correct copy of the active orders I was under when Plaintiff requested default.

7.     Being on active orders in the ROTC qualifies me as an active military service member.

8.     My father, Patrick Davis, explained to Attorney Warner that I would be at ROTC drill and not at my parent's address in North Carolina. Attorney Warner mailed the Application for Default to my parent's address in North Carolina and, because of this, I did not receive the Application for Default until I returned home from active duty status.

9.     If the Application for Default had been sent to my unit in Fort Knox, it may have been possible for me to seek assistance from the Army Judge Advocate General's Corps (JAG).

10.    Since I did not receive the Application for Default until I returned from active duty status, I could not react to it in the required timeframe.

11.    Throughout this time, myself and Attorney Warner had been in regular contact via phone and email.

12.    On 16, July, 2021 I filed my request to have counsel appointed and for a stay of these proceedings under the Servicemembers Civil Relief Act.

13.    I am not an attorney, but I did my research and provided a copy of the relevant statute to the court on July 19, 2021.

14.    I was under the impression that filing this would keep me from defaulting, and I then did everything I could to find a lawyer.

15.    I had great difficulty finding a lawyer, because I had to put my full attention to my military duties, which cut into the time I could spend.  Further, I can not afford a

DocuSign Envelope ID: 118BF930-B0EB-41DA-AA9E-7B55E52EA0EB

lawyer who will not make significant accommodations for me, financially, as I am a full time student and my husband is an E-5 (Sergeant) in the U.S. Army whose schedule is constantly fluctuating due to being a part of the Global Response Force, meaning he will be a part of the first group to be emergency deployed.

16.     It was not until August 30, 2021 that I was able to retain Randazza Legal Group (RLG) and RLG was a firm that was finally willing to represent me at a deep discount, which other firms were not willing to do.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: __10/7/2021__

DocuSigned by:

*Audrey Davis*

E53D7B1781ED4EB...

Audrey Davis

- 3 -
Declaration of Audrey Davis
P1300CV202100396

# *EXHIBIT A*

Duty Orders

DEPARTMENT OF THE ARMY HEADQUARTERS,
UNITED STATES ARMY CADET COMMAND AND FORT KNOX
1ST CAVALRY REGIMENT ROAD
FORT KNOX, KY 40121-5123

28 MAY 2021

ORDERS: CC-1148-00014

DAVIS AUDREY                                USACC-AFS ██████████████
NORTHERN ARIZONA UNIVERSITY (SA)                 USAR CONTROL GROUP (ROTC)
NAU BOX 6043 BLDG 47A
1415 S. SAN FRANCISCO ST
FLAGSTAFF AZ 86011-0000

YOU ARE ORDERED TO ACTIVE DUTY FOR TRAINING (ADT) FOR PROFESSIONAL DEVELOPMENT FOR THE
PERIOD SHOWN. ON COMPLETION OF THE PERIOD OF ADT, UNLESS SOONER RELEASED OR EXTENDED BY
PROPER AUTHORITY, YOU WILL RETURN TO THE PLACE WHERE YOU ENTERED ADT.

PERIOD: 38 DAYS PLUS ALLOWABLE TRAVEL TIME
REPORT TO: WOMTT4 ROTC SUMMER TRAINING FT KNOX COPPLE CENTER, BLDG 6590.  FT KNOX KY 40121-
0000
REPORT DATE/TIME: 02 JUL 2021
END DATE/TIME: 08 AUG 2021
ATTACHED TO: WOMTT4 ROTC SUMMER TRAINING FT KNOX COPPLE CENTER, BLDG 6590.  FT KNOX KY
40121-0000
PURPOSE: ADT FOR PROFESSIONAL DEVELOPMENT (CLC)

ADDITIONAL INSTRUCTIONS:  THIS ORDER DOES NOT CONSTITUTE AUTHORITY TO TRAVEL. AN
AUTHORIZATION MUST BE COMPLETED WITHIN THE DTS PRIOR TO TRAVEL. ENSURE TRAVEL
AUTHORIZATIONS INCLUDE ALL ESTIMATED MILEAGE AND NON-MILEAGE EXPENSES. SCAN OR FAX THIS
ORDER INTO THE RECEIPTS AREA IN DTS (SELECT EXPENSES>SUBSTANTIATING RECORDS). GOVERMENT
MEALS, LODGING, AND TRANSPORTATION ARE DIRECTED. INITIAL OR RETURN TRAVEL FOR A CADET WHOSE
TRAVEL ORIGINATES FROM A ROTC INSTITUTION OR HOR OUTSIDE OF THE CONTINENTAL UNITED STATES
(OCONUS) IS DIRECTED BY GTR FURNISHED BY THE TRANSPORTATION OFFICER AT THE AERIAL PORT OF
EMBARKATION. IF GOVERNMENT FURNISHED TRANSPORTATION IS NOT AVAILABLE FROM AN OVERSEAS
LOCATION, A STATEMENT TO THIS EFFECT MUST BE OBTAINED FROM THE APPROPRIATE TRANSPORTATION
OFFICER. IF POV IS AUTHORIZED, REIMBURSEMENT IS LIMITED TO CONSTRUCTIVE COST OF GTR. CADET
MUST HAVE PICTURE IDENTIFICATION IN HIS/HER POSSESSION AT ALL TIMES. IF A COMMON ACCESS
CARD (CAC) HAS NOT BEEN ISSUED, A VALID DRIVERS LICENSE OR PICTURE IDENTIFICATION IS
REQUIRED. LODGING AND SUBSISTENCE WILL BE FURNISHED AT NO EXPENSE TO THE CADET EXCEPT AS
REQUIRED BY DODFM, PARAGRAPH 580103C. CADET MUST FILE DTS VOUCHER WITHIN FIVE DAYS OF
COMPLETING TRAVEL. THE APPROPRIATE DTS ENTRY AGENT WILL GATHER ANY RECEIPTS FOR
REIMBURSEMENT, UPLOAD THEM INTO DTS, AND FILE THE VOUCHER USING DTS. TRAVEL WILL BE BILLED
TO A CENTRALLY BILLED ACCOUNT (CBA). TWO CHECKED BAGS, NTE 50 LBS EACH, ARE AUTHORIZED.

FOR ARMY USE:
AUTHORITY: SECTIONS 672(D) AND 683(A)(1), TITLE 10, USC FOR ADT WITH PAY. PAY ONLY IF CPDT
IS AT LEAST 4 WEEKS DURATION TO INCLUDE SUCCESSIVE PERIODS OF CPDT AT MULTIPLE SITES
ACCT CLAS: 21Z2010000057013016X5600017019

DOR: N/A     PPN: N/A     COMP: USAR     SEX: F       TYTR: N/A     SECCLR: SECRET
PEBD: N/A    HOR: N/A                                 TAC: N/A

FORMAT: 260

*****************
*   USACC       *                                SULA L. IRISH
*   OFFICIAL    *                                COL, GS
*****************                                DEPUTY CHIEF OF STAFF, G1

DISTRIBUTION: 1 SOLDIER
1 ROTC SUMMER TRAINING FT KNOX COPPLE CENTER, BLDG 6590.  FT KNOX KY 40121-0000

DEPARTMENT OF THE ARMY HEADQUARTERS,
UNITED STATES ARMY CADET COMMAND AND FORT KNOX
1ST CAVALRY REGIMENT ROAD
FORT KNOX, KY 40121-5123

ORDERS: CC-1168-00055                                              17 JUN 2021

DAVIS AUDREY E                              USACC-AFS     CDT
NORTHERN ARIZONA UNIVERSITY (SA)                          USAR CONTROL GROUP (ROTC)
NAU BOX 6043 BLDG 47A
1415 S. SAN FRANCISCO ST
FLAGSTAFF AZ 86011-0000

YOU ARE ORDERED TO ACTIVE DUTY FOR TRAINING (ADT) FOR PROFESSIONAL DEVELOPMENT FOR THE
PERIOD SHOWN. ON COMPLETION OF THE PERIOD OF ADT, UNLESS SOONER RELEASED OR EXTENDED BY
PROPER AUTHORITY, YOU WILL RETURN TO THE PLACE WHERE YOU ENTERED ADT.

PERIOD: 28 DAYS PLUS ALLOWABLE TRAVEL TIME
REPORT TO: W6CRAA FT BENNING, GA FT BENNING  FT BENNING GA 31905-0000
REPORT DATE/TIME: 09 AUG 2021
END DATE/TIME: 05 SEP 2021
ATTACHED TO: W6CRAA FT BENNING, GA FT BENNING  FT BENNING GA 31905-0000
PURPOSE: ADT FOR PROFESSIONAL DEVELOPMENT (CTLTFBGA)

ADDITIONAL INSTRUCTIONS:  THIS ORDER DOES NOT CONSTITUTE AUTHORITY TO TRAVEL. AN
AUTHORIZATION MUST BE COMPLETED WITHIN THE DTS PRIOR TO TRAVEL. ENSURE TRAVEL
AUTHORIZATIONS INCLUDE ALL ESTIMATED MILEAGE AND NON-MILEAGE EXPENSES. SCAN OR FAX THIS
ORDER INTO THE RECEIPTS AREA IN DTS (SELECT EXPENSES>SUBSTANTIATING RECORDS). GOVERMENT
MEALS, LODGING, AND TRANSPORTATION ARE DIRECTED. INITIAL OR RETURN TRAVEL FOR A CADET WHOSE
TRAVEL ORIGINATES FROM A ROTC INSTITUTION OR HOR OUTSIDE OF THE CONTINENTAL UNITED STATES
(OCONUS) IS DIRECTED BY GTR FURNISHED BY THE TRANSPORTATION OFFICER AT THE AERIAL PORT OF
EMBARKATION. IF GOVERNMENT FURNISHED TRANSPORTATION IS NOT AVAILABLE FROM AN OVERSEAS
LOCATION, A STATEMENT TO THIS EFFECT MUST BE OBTAINED FROM THE APPROPRIATE TRANSPORTATION
OFFICER. IF POV IS AUTHORIZED, REIMBURSEMENT IS LIMITED TO CONSTRUCTIVE COST OF GTR. CADET
MUST HAVE PICTURE IDENTIFICATION IN HIS/HER POSSESSION AT ALL TIMES. IF A COMMON ACCESS
CARD (CAC) HAS NOT BEEN ISSUED, A VALID DRIVERS LICENSE OR PICTURE IDENTIFICATION IS
REQUIRED. LODGING AND SUBSISTENCE WILL BE FURNISHED AT NO EXPENSE TO THE CADET EXCEPT AS
REQUIRED BY DODFM, PARAGRAPH 580103C. CADET MUST FILE DTS VOUCHER WITHIN FIVE DAYS OF
COMPLETING TRAVEL. THE APPROPRIATE DTS ENTRY AGENT WILL GATHER ANY RECEIPTS FOR
REIMBURSEMENT, UPLOAD THEM INTO DTS, AND FILE THE VOUCHER USING DTS. TRAVEL WILL BE BILLED
TO A CENTRALLY BILLED ACCOUNT (CBA). TWO CHECKED BAGS, NTE 50 LBS EACH, ARE AUTHORIZED.

FOR ARMY USE:
AUTHORITY: SECTIONS 672(D) AND 683(A)(1), TITLE 10, USC FOR ADT WITH PAY. PAY ONLY IF CPDT
IS AT LEAST 4 WEEKS DURATION TO INCLUDE SUCCESSIVE PERIODS OF CPDT AT MULTIPLE SITES
ACCT CLAS: 21Z2010000057013016X5600017019

DOR: N/A    PPN: N/A    COMP: USAR    SEX: F        TYTR: N/A      SECCLR: SECRET
PEBD: N/A   HOR: N/A                                TAC: N/A

FORMAT: 260

................
*    USACC      *                              SULA L. IRISH
*    OFFICIAL   *                              COL, GS
................                               DEPUTY CHIEF OF STAFF, G1

          DISTRIBUTION: 1 SOLDIER
1 FT BENNING, GA FT BENNING  FT BENNING GA 31905-0000