# EXHIBIT 4

Plaintiff's Rule 7.1(f) Motion to Strike Defendant Audrey Davis's Supplement in Support of Motion to Continue

**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Daniel R. Warner, Esq. (AZ Bar # 026503)
Email: dan@rmwarnerlaw.com
Raeesabbas Mohamed, Esq. (AZ Bar # 027418)
Email: Raees@rmwarnerlaw.com
Tel: 480-331-9397
Fax: 1-866-961-4984
*Attorneys for Plaintiff*

## IN SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| RHONDIE VOORHEES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AUDREY DAVIS and JOHN DOE DAVIS, husband and wife,<br><br>Defendants. | NO. P1300CV202100396<br><br>**PLAINTIFF'S RULE 7.1(f) MOTION TO STRIKE DEFENDANT AUDREY DAVIS'S SUPPLEMENT IN SUPPORT OF MOTION TO CONTINUE** |

Plaintiff, by and through counsel undersigned, respectfully requests that the Court enter an order striking Defendant Audrey Davis's Supplement In Support Of Motion To Continue (the "Supplement"). The Supplement is improper and is not permitted under the Arizona Rules of Civil Procedure. Therefore, the Supplement should be stricken under Rule 7.1(f), which states that "a motion to strike may be filed only if it is expressly authorized by statute or other rule, or if it seeks to strike any part of a filing or submission on the ground that it is prohibited, or not authorized, by a specific statute, rule, or court order." Ariz. R. Civ. P. 7.1(f)(1).

Defendant filed her Motion to Continue on July 19, 2021 (the "Motion"). Plaintiff timely filed a response on July 27, 2021. Defendant's reply was due on or before August 9, 2021. Defendant failed to file any reply. Then, over a month after the deadline to file a reply, on September 19, 2021, the night before the status conference set on the Motion, Defendant files the Supplement. The Supplement is clearly improper and should be stricken. "An application to the court for an order must be by motion . . . , an opposing party must file any responsive memorandum within 10 days after the motion . . . and, within 5 days after a responsive memorandum is served, the moving party may file a reply memorandum . . . . Ariz. R. Civ. P. 7.1(a). Accordingly, the Supplement is not authorized and must be stricken.

Because the entry of default has become effective, Defendant must move to set aside the entry of default under the applicable law. If Defendant's arguments under the Servicemembers Civil Relief Act have any merit (which they do not), Defendant should be able to prevail in seeking to set aside the entry of default.

RESPECTFULLY submitted this 1st day of October, 2021.

**RM WARNER, PLC**

By: /s/ Daniel R. Warner
Daniel R. Warner, Esq.
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

2

1  **COPY** of the foregoing filed
   this same date with the Clerk of the Court
2
3  **COPY** of the foregoing
   Emailed and mailed this same date to:
4
5  Marc J. Randazza
   RANDAZZA LEGAL GROUP, PLLC
6  2764 Lake Sahara Drive, Suite 109
   Las Vegas, NV 89117
7  ecf@randazza.com
8  Attorneys for Defendants

9  /s/ Anne E. Griffith

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

3