# __EXHIBIT 7__

Plaintiff's Rule 7.1(f) Motion to Strike
Defendant Audrey Davis's Supplement in
Support of Motion to Continue

**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Daniel R. Warner, Esq. (AZ Bar # 026503)
Email: dan@rmwarnerlaw.com
Raeesabbas Mohamed, Esq. (AZ Bar # 027418)
Email: Raees@rmwarnerlaw.com
Tel: 480-331-9397
Fax: 1-866-961-4984
*Attorneys for Plaintiff*

## IN SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| RHONDIE VOORHEES, an individual, | NO. P1300CV202100396 |
| Plaintiff, | |
| v. | **PLAINTIFF'S RULE 7.1(f) MOTION TO STRIKE DEFENDANT AUDREY DAVIS'S SUPPLEMENT IN SUPPORT OF MOTION TO CONTINUE** |
| AUDREY DAVIS and JOHN DOE DAVIS, husband and wife, | |
| Defendants. | |

Plaintiff, by and through counsel undersigned, respectfully requests that the Court enter an order striking Defendant Audrey Davis's Supplement In Support Of Motion To Continue (the "Supplement"). The Supplement is improper and is not permitted under the Arizona Rules of Civil Procedure. Therefore, the Supplement should be stricken under Rule 7.1(f), which states that "a motion to strike may be filed only if it is expressly authorized by statute or other rule, or if it seeks to strike any part of a filing or submission on the ground that it is prohibited, or not authorized, by a specific statute, rule, or court order." Ariz. R. Civ. P. 7.1(f)(1).

1

Defendant filed her Motion to Continue on July 19, 2021 (the "Motion").  Plaintiff timely filed a response on July 27, 2021. Defendant's reply was due on or before August 9, 2021.  Defendant failed to file any reply.  Then, over a month after the deadline to file a reply, on September 19, 2021, the night before the status conference set on the Motion, Defendant files the Supplement. The Supplement is clearly improper and should be stricken.  "An application to the court for an order must be by motion . . . , an opposing party must file any responsive memorandum within 10 days after the motion . . . and, within 5 days after a responsive memorandum is served, the moving party may file a reply memorandum . . . . Ariz. R. Civ. P. 7.1(a).  Accordingly, the Supplement is not authorized and must be stricken.

Because the entry of default has become effective, Defendant must move to set aside the entry of default under the applicable law. If Defendant's arguments under the Servicemembers Civil Relief Act have any merit (which they do not), Defendant should be able to prevail in seeking to set aside the entry of default.

RESPECTFULLY submitted this 1st day of October, 2021.


**RM WARNER, PLC**

By:     /s/ Daniel R. Warner
        Daniel R. Warner, Esq.
        8283 N. Hayden Road, Suite 229
        Scottsdale, Arizona 85258
        *Attorneys for Plaintiff*

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

**COPY** of the foregoing filed
this same date with the Clerk of the Court

**COPY** of the foregoing
Emailed and mailed this same date to:

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
ecf@randazza.com
Attorneys for Defendants

/s/ Anne E. Griffith

**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

3