# **EXHIBIT 10**

Response to Motion to Continue

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
07/27/2021  4:56PM
BY: CBAGLEY
DEPUTY

**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Daniel R. Warner, Esq. (AZ Bar # 026503)
Email: dan@rmwarnerlaw.com
Raeesabbas Mohamed, Esq. (AZ Bar # 027418)
Email: Raees@rmwarnerlaw.com
Tel: 480-331-9397
Fax: 1-866-961-4984
*Attorneys for Plaintiff*

## IN SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| RHONDIE VOORHEES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AUDREY DAVIS and JOHN DOE DAVIS, husband and wife,<br><br>Defendants. | NO. P1300CV202100396<br><br>**RESPONSE TO DEFENDANT'S MOTION TO CONTINUE** |

Plaintiff, by and through counsel undersigned, respectfully requests that the Court deny Defendant's Motion to Continue (the "Motion"). Defendant has not, and cannot, meet the basic requirements for a stay or any other relief under the Servicemembers Civil Relief Act (the "Act"), 50 U.S.C.A. § 3901.[1]

This Response is supported by the following Memorandum of Points and Authorities, Plaintiff's declaration, and all documents on file with the Court, which are all incorporated herein by reference.

---

[1] Formerly cited as 50 App. USCA § 501.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION; RELEVANT FACTS.

Plaintiff is the Dean of Students at Embry-Riddle Aeronautical University in Prescott, Arizona ("ERAU"). Defendant is currently a student at ERAU and is to resume Fall classes on ERAU's Prescott campus on August 30, 2021. Although Defendant is currently participating in the Army's ROTC program, Defendant is not currently enlisted in the armed services. *See* Army Website FAQ, attached as **Exhibit 1** hereto ("Enrolling in Army ROTC is **not**, strictly speaking, joining the Army. You will not be sent to boot camp. However, the primary purpose of the Army ROTC program is to produce its Officers, so you must agree to serve as Officers in the Army ***after* graduation** in order to go through the entire program . . . .) (emphasis added).

Prior to Plaintiff's employment at ERAU, Defendant filed a complaint with ERAU under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681 et seq. Defendant was displeased with how ERAU investigated the Title IX complaint and/or its findings. In September of 2020, Defendant met with Plaintiff regarding Defendant's concerns. While Plaintiff attempted to be empathetic to Defendant's concerns, Plaintiff made it very clear to Defendant during the meeting that Plaintiff is not, and has never been, involved with overseeing or supervising any Title IX issues at ERAU. During the meeting, Defendant acknowledged her understanding that Plaintiff has nothing to do with any Title IX matters.

Surprisingly, however, on or about February 15, 2021, Defendant published

2

several false and defamatory statements on Change.org (the "Petition"). Defendant knowingly made the false implication that Plaintiff was not only responsible for Defendant's investigation taking over 150 days, but that Plaintiff was also responsible for how things were handled post-investigation, even though Defendant was well aware that this was false.

In addition to publishing the Petition, on February 15, 2021, Defendant emailed at least 74 students and faculty at ERAU and directed them to "check out this petition and share." Defendant also posted on Facebook.com the false and defamatory implication that Plaintiff was directly connected to the mismanagement of Defendant's Title IX case at ERAU.

Before publishing the Petition, Defendant also created and disseminated at least four memes of Plaintiff, each containing a False Statement or variation thereof, designed and intended to impeach Plaintiff's ability to adequately perform her duties as the Dean of Students at ERAU. Defendant's conduct was clearly intended to cause harm to Plaintiff's reputation and interfere with her employment with ERAU.

After Plaintiff confronted Defendant about why and how the False Statements were not true, Defendant took several days to remove the Petition and the Facebook comment after receiving several demands from Plaintiff. On February 16, 2021, Defendant was also informed by a Title IX investigator at ERAU that Plaintiff "has nothing to do with Title IX here at ERAU or any of its processes." However, even after learning from an actual Title IX investigator at ERAU that the Petition contained several

false and defamatory statements, Defendant failed to act promptly to remove the Petition. After receiving several demands from Plaintiff to delete the Petition, Defendant finally did so on February 21, 2021.

At this point, however, the False Statements began to spread well beyond ERAU, and individuals who were not affiliated with ERAU began to share the Petition on social media and make new negative comments about Plaintiff. It was explained to Defendant the damage she caused and that she would continue to cause if she did not promptly issue a retraction. After giving Defendant well over a month, Defendant failed and refused to do so, and Plaintiff then filed this lawsuit. Plaintiff has extended to Defendant several extremely generous proposals to resolve this matter; however, Defendant has failed and refused to accept any such proposal. Instead, Defendant continues to attempt to avoid taking responsibility for her conduct.

## II. LEGAL ARGUMENT.

### A. Defendant is not currently serving in the armed forces.

Pursuant to § 3902, a primary purpose of the Act is to "provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902(2).[2] The term "military service" means, "in the case of a servicemember who is a

---

[2] *See also* 50 U.S.C.A. § 3932(a) ("This section applies to any civil action or proceeding, including any child custody proceeding, in which the plaintiff or defendant at the time of filing an application under this section-- (1) is in **military service** or is within 90 days after termination of or release from military service; and (2) has received notice of the action or proceeding."). Emphasis added.

4

member of the Army, . . . active duty . . . ." 50 U.S.C. § 3911(2)(A).  As discussed above, Defendant is not a "member of the Army." Defendant is currently participating in the Army's ROTC program and is not currently enlisted in the armed services. Moreover, because Defendant is not enlisted in the Army, Defendant cannot be on "active duty."  On this basis alone, Defendant's Motion must be denied.

**B. Even if Defendant could be considered to be in the armed forces for purposes of the Act, Defendant has failed to explain, in any fashion, the manner in which current military duty requirements materially affect her ability to appear and defend this case.**

Pursuant to § 3932(b)(2), "[a]n application for a stay . . . shall include the following: (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear. (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." 50 U.S.C. § 3932(b)(2).

Defendant has not met, and cannot meet, both requirements of 50 U.S.C. § 3932(b)(2).  Defendant's Motion consists of a caption, a copy of a prior version of the statute, and a summary of the Act printed from the Internet.  Defendant fails to provide any explanation regarding her alleged inability to appear, or a letter from her commanding officer.  "It is well-established [] that a party who conducts a case without an attorney is entitled to no more consideration from the court than a party represented by counsel, and is held to the same standards expected of a lawyer." *Kelly v. NationsBanc*

5

*Mortgage Corp.*, 199 Ariz. 284, 287, 17 P.3d 790, 793 (Ct. App. 2000), as amended (Mar. 1, 2001).  Accordingly, the Court must deny the Motion.

### III. CONCLUSION.

For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter an order denying the Motion, awarding Plaintiff the reasonable attorneys' fees that she incurred in defending against this frivolous Motion, and granting such other and further relief as the Court finds reasonable and necessary.

RESPECTFULLY submitted this 27th day of July, 2021.

**RM WARNER, PLC**

By: /s/ Daniel R. Warner
Daniel R. Warner, Esq.
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

**COPY** of the foregoing filed
this same date with the Clerk of the Court

**COPY** of the foregoing
Mailed this same date to:

Audrey Davis
1103 Overcliff Drive
Apex, NC 27502
*Defendant Pro Per*

/s/ Anne E. Griffith

6