# EXHIBIT 11

Randazza Legal Group and Audrey Davis
Fee Agreement



# LEGAL SERVICES FEE AGREEMENT

**RANDAZZA LEGAL GROUP**[1] ("RLG") will provide legal services to AUDREY DAVIS and JOHN JACOB HOWE (referred to collectively as "Client") on the terms in this Agreement ("Agreement").

**1.     CONDITIONS**.  There is no relationship until Client returns a signed copy of this Agreement and pays the retainer.  If Client fails to do either one within 3 days, this Agreement is void.

**2.     SCOPE OF SERVICES**.  Client hires RLG to represent Client with respect to defending against Case No. P-1300-CV-202100396, *Voorhees v. Davis, et al*, filed in the Superior Court of Arizona, Yavapai County Division.  Representation of Client in any other matters or beyond this scope must be separately agreed to in writing and a separate retainer will be required.

RLG will not harm the First Amendment, nor through inaction will we allow harm to come to the First Amendment.  In the event that the First Amendment conflicts with your legal interests, we will advise you of this fact and give you the choice of avoiding that conflict or we will allow you to retain alternate counsel.

**3.     LEGAL FEES & RETAINER.**

   a. **Our retainers are held as security deposits**.  You place an initial retainer in our trust account, where it remains as a **security deposit** until the conclusion of the representation.  In some circumstances, upon request and approval, we may apply retainer funds to a bill, but you agree to replenish the retainer within 7 days of use.  Please be advised that our trust account is located in the State of Nevada, and by entering into this agreement, you hereby consent to all trust funds being held in the State of Nevada.[2]  Further, we may request and require an increase in retainer funds, if your volume of work increases.  Think of the retainer as if it were a rental "security deposit," which will remain in trust until the conclusion of the representation.  We do NOT accept credit cards for retainer deposits – check or wire only.

   b. **Before beginning work, RLG requires an initial retainer of $20,000, which is to be paid by a donor.  We will work from that amount first.  We require an additional security deposit of $5,000 from the client, which will be maintained in our trust account (or an escrow account) until the conclusion of representation (or until it is disbursed to pay an outstanding bill).**

   _____ (Client's initials acknowledging that the $5,000 retainer is held as a security deposit), but the $20,000 from the donor will be used to defend you immediately.

   c. After the matter is completed and our invoices have been paid, the balance (if any) of the retainer, less any incidental fees or expenses remaining unpaid at the conclusion, will be returned to you. In the event that our invoices are not being paid

---

   [1]    Legal entity is **Randazza Legal Group, PLLC**, a Nevada professional limited-liability company.
   [2]    If we are going to hold your deposit for a long term, we will endeavor to place it into a separate escrow account, so that you can benefit from it earning interest.  This escrow account will be disclosed to you upon being established.

Page 1 of 12



client's initials

as set forth below, RLG reserves the right to apply any or all of your trust account balance to outstanding bills without notice to you.

d. **NET 14 PAYMENT DISCOUNT. IF YOU PAY YOUR BILL IN 14 DAYS, YOU WILL RECEIVE A DISCOUNT ON YOUR BILL. Your bill may be rendered to you with the full, un-discounted amount, and a note telling you your discounted amount. Sometimes, we may render you a bill that has the discounted amount already on there. If you pay your bill within 14 days, the discounted amount will apply. If you fail to pay the bill within 14 days, you will be required to pay the full, undiscounted amount presented on the invoice.**

   **On this matter, you will receive a 50 % discount on our legal fees for net 14. Please note that costs, expenses, and attorneys performing paralegal tasks are not discounted.**

   **Initial here to attest that you understand that this discount will expire once 14 days passes from the rendering of the bill, thus requiring full payment.**

   **We will, upon reasonable request, extend this period. However, any extension must be requested via email and must be agreed to via email in less than 14 days from the bill being rendered. Further, while we do not bill for billing inquiries or administrative issues when your account is in good standing, once your account goes late, we will bill for billing inquiries and any administrative issues that might otherwise have been unbilled as a courtesy to you.**

e. If you fall behind in your payments, we will pay our bill with your security deposit and terminate the relationship after appropriate notice and taking appropriate measures to protect your interests.

f. Hard costs (as defined under HARD COSTS below) will not be advanced by RLG. If RLG is required to pay your costs for you, RLG will mark them up with a 15% administrative fee.

g. Client agrees to pay RLG at the hourly rates listed on <u>Addendum A</u>, the Firm's current Rate Sheet. <u>Addendum A</u> is hereby incorporated by reference.

h. **THIRD PARTY PAYOR / GUARANTOR.** Client's legal fees may be paid, in whole or in part, by a third party guarantor, ▮▮▮▮▮▮ ("Guarantor"), who guarantees payment of all fees and expenses incurred hereunder, in consideration of RLG performing such services. Additionally, a third party donor ("Donor") has agreed to pay $20,000.00 towards Client's legal defense. Client, Guarantor, and Donor understand that RLG's ethical duties of confidentiality and communication are owed to Client, not Guarantor or Donor, who may be paying Client's legal fees. All legal decisions and strategy regarding this matter will be discussed only with Client, unless express written permission is given by Client. Any refund of fees paid or recovery of fees through settlement or award, in the event such is in excess of fees due and owing, shall be returned to the party who provided the funds on a pro rata basis. By signing this agreement, Client is consenting to a third party Guarantor and/or a third party Donor paying the legal fees of this matter. Client and Guarantor agree that they


Client's Initials

waive any right to learn the identity of Donor unless Donor so agrees, or if RLG is required to disclose Donor's identity pursuant to a court order or pursuant to RLG's obligations under the applicable Rules of Professional Responsibility.

Client expressly acknowledges that the rates in <u>Addendum A</u> are not set by law, but are negotiated between RLG and Client.

No work product will be delivered nor any files transferred of any kind if you have an outstanding balance.

RLG reserves the right to retain additional contract attorneys or local counsel and pass those bills along to Client, or to re-bill them, and these re-bills may contain an administrative markup above what those outside attorneys might charge directly – however, as we will supervise those attorneys on the file, this markup will reflect our administrative costs, and not merely a referral fee.

Additionally, in the event that issues arise that **require** consultation from outside attorneys, **including ethics counsel**, we will pass these along to you as costs, which you agree to pay. This will not be the case if we must retain ethics counsel in order to advise on any failure or omission on our part, but rather if we must consult with ethics counsel to advise you on if you ask us to do something with ethical implications. Also, sometimes, opposing attorneys threaten ethics issues as a manner of exacting an advantage in litigation. If this occurs, our hiring of ethics counsel is billable to you, as it is a necessary portion of your representation. These costs will **not** be marked up. You will be charged only the actual costs of these outside attorneys' bills.

As stated above, which Client should presume that all time spent attending to Client's case by any member of RLG's staff will be billed, RLG may elect to "write off" or "no charge" some costs, expenses, and fees for expert services. Any such write-offs are discretionary by RLG, and if any time is written down, it should be considered to be a client-courtesy discount, which can be re-rendered as billable in the event of a billing dispute over other time entries.

**BILLING DISPUTES:** It is possible for mistakes to happen, and Client is not expected to pay for any charges that are incorrect. Client may call RLG's office with an inquiry concerning billing statements (directed to the Firm Administrator). Most actual errors can be resolved with a simple phone call, and RLG's staff will inform Client whether a mistake is acknowledged, and promptly send an amended statement showing any adjustment or correction resulting from any such call, or will simply instruct Client of the new balance. Furthermore, if any charges are disputed in any way other than an error, we are always willing to discuss and negotiate the matter with you.

**Client agrees to bring any billing dispute to RLG's attention within 60 calendar days of the bill being rendered. This is because as time goes on, memories fade and it may be difficult to recall all details that may go into a billing dispute. If Client disagrees with any billing entry or any particular bill, RLG will endeavor to resolve it with you informally. Client agrees that if Client has not raised a concern after 60 days, Client waives the right to challenge the bill in whole or in part.[4] Client further agrees that any bill that is reduced or adjusted pursuant to Client's request**

---

[4] This paragraph does not apply to CA or IN Clients. In the event that your state prohibits this, your state's law or rules will govern.


Client's Initials

or RLG's decision to compromise the bill will be from that point forward, unchallengeable, as RLG and Client stipulate that Client's payment of a compromised amount will be deemed to be a stipulation that the compromised amount is fair, reasonable, and the result of a settled dispute. Finally, any bills that already contain a "courtesy discount" or other discount granted by RLG will, in any fee dispute, have that discount reversed. This does not apply to prompt payment discounts, which are irrevocable if you do indeed pay your bill within 14 days of it being rendered.

**Credit Card Payments:** Client agrees that Client waives the right to any charge-back on any credit card payment. In the event that Client makes a payment that Client wishes to reverse, Client must dispute the payment with RLG directly, and if this dispute is not resolved to Client's satisfaction, through fee arbitration as provided for elsewhere in this agreement. In any event, all payments are subject to the dispute period discussed above. Therefore, any chargeback made more than 30 days after the bill is rendered is deemed to be null and void and Client authorizes RLG to instruct their credit card company that the chargeback is contractually void.

**4.    HARD COSTS AND TRUST ACCOUNTS**. RLG may incur various costs and expenses ("hard costs") in performing legal services under this agreement, such as the cost of mediation fees, filing fees and other similar out of pocket expenses. Client agrees to pay all such costs directly. If RLG must pay these fees on Client's behalf, RLG will add a 15% administrative fee.

These costs and expenses commonly include: notary fees, deposition costs, messenger and other delivery fees, postage, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, professional mediator, arbitrator and/or special mater fees and other similar items.

We will also bill you $50, per timekeeper, for Lexis and/or Westlaw access, as a reasonable estimate of the cost for each time we utilize Lexis and/or Westlaw on your behalf. (We do not bill you hourly for that access – therefore, each time we access the database, regardless of how much time we spend accessing it, will be billed at no more than $50 per access per lawyer or paralegal accessing it on your behalf.

With respect to transportation for client matters, RLG reserves the right to fly business-class when traveling to and from client matters, and Client agrees to pay such costs. When doing so, in the event that we work on your matter during the flight (which we virtually always will), you will be billed only at the lower "travel time" rate, and not the "actual work rate."

We will often also reserve flexible fares, despite the fare being higher. The reason being that often hearings change, meetings change, and on average, we believe that clients save money when flexible fares are used, rather than charging clients for change fees or nonrefundable tickets. When car rentals are required, RLG will rent economy class vehicles unless there is a compelling need for a larger vehicle. RLG will endeavor to rent economical hotels, but may rent higher end hotels in the interest of geographic convenience. The default will be an AC Marriott, Aloft or similar hotel.

With respect to costs, you are encouraged to pay all costs yourself, as doing so will incur no service charge. We recommend keeping a credit card on file, which you will authorize us to charge expenses to. **We reserve the right to mark costs up by 15% as an administrative charge**



Client's Initials

DocuSign Envelope ID: C14E1557-F8F5-4C8F-8C55-1C26CD2A8FA7

**if we pay the costs for you.  If you pay them directly, you will not incur such a charge.**  In the event that we waive this for you at any time, it does not mean that we waive it indefinitely.

**Please be advised that, if RLG holds any monies in trust for Client, Client consents that it be held in trust in a bank account in the State of Nevada or the Commonwealth of Massachusetts.**

**5.     ORDER OR AGREEMENT FOR PAYMENT OF ATTORNEYS' FEES OR COSTS BY ANOTHER PARTY.** The court may order, or the parties to the dispute may agree, that another party (such as an insurer or the defendant) will pay some or all of the Client's fees, costs or both.  Should that occur, RLG shall receive as RLG's fees the amount of the award of attorneys' fees and costs as made by the Court or by agreement of the parties to the dispute, less any fees or costs already paid by Client to RLG.

**6.     ATTORNEY DISCHARGE AND WITHDRAWAL.** Client may discharge RLG at any time.  RLG may withdraw at any time at RLG's discretion **but, with all safeguards due to the client under the rules of professional responsibility**.  Client has been informed that among the events that should be expected to cause RLG's withdrawal from this case are Client's breach of any portion of this Agreement including (and especially) non-payment or late payment of bills.  If Client shall desire to discharge RLG, then RLG shall be paid the amount then due and owing for work performed for Client.

**7.     DISCLAIMER OF GUARANTEE AND ESTIMATES**.  Nothing in this agreement and nothing in RLG's statements to Client will be construed as a promise or guarantee about the outcome of any matter for which Client has retained RLG.  RLG makes no such promises or guarantees.  It is understood that it is impossible to predict how long a case will take, how much it will cost, or what the resulting outcome may be.  RLG does not make and has not made any guarantees to Client about the length or expense of Client's case.  RLG has not made and will not make any guarantee as to the outcome of Client's case.  Client has been informed and acknowledges that it is quite likely that the costs, expenses, and fees for expert services incurred in Client's case will substantially exceed the initial retainer fee deposit.

No advice is given regarding tax consequences, and RLG is specifically not providing tax advice, although questions relating to tax matters may very well come up during the course of the case.  Client agrees to seek tax advice elsewhere, and hold RLG harmless from any tax effects.

**8.     CONCLUSION OF SERVICES**.  When RLG's services conclude, all unpaid charges will immediately become due and payable.  RLG is authorized to use any funds held in RLG's trust account as a deposit against costs to apply to such unpaid charges.  After RLG's services conclude, upon request, Client's file and property will be delivered to Client whether or not Client has paid any fees and/or costs owed to RLG.  Client understands that RLG will retain a copy of the file at the Client's expense if the file is returned to Client.

**DOCUMENT RETENTION (Arizona Clients Only)**: At the end of our engagement, we will turn over the file to you.  If you do not want the file, you agree that the file may be destroyed in accordance with our document retention policy.  Currently, it is our policy to destroy files five years after the termination of the representation.



Client's Initials

Legal Services Fee Agreement (Rev. 21 July 2020)
August 18, 2021
Page 6 of 12

9. **ENTIRE AGREEMENT.** This Agreement contains the entire Agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

10. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be binding on the parties.

11. **MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent Agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

12. **GOVERNING LAW AND DISPUTE RESOLUTION.** This agreement is governed by the laws of the State of Nevada with venue limited to any court in Clark County having jurisdiction; however, any judgment or arbitration award is enforceable in any court having jurisdiction. You agree to submit to binding arbitration in connection with any attorneys' fees dispute arising out of this agreement.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]


Client's Initials

DocuSign Envelope ID: C14E1557-F8F5-4C8F-8C55-1C26CD2A8FA7

# ARBITRATION OF DISPUTES

You agree, without any limitation, that any disputes that Client may have with RLG will be *first* resolved through mediation. Mediation is *mandatory*. In the event that you decline to mediate your dispute with RLG, you agree that you waive any and all claims against RLG, irrevocably, and without any recourse whatsoever until mediation has taken place. In no uncertain terms, you agree that mediation is a condition precedent before any arbitration or lawsuit. RLG agrees to pay for the first 2 hours of mediation. Thereafter, RLG and Client will equally split the cost of mediation. This mediation shall be in person and in Las Vegas, Nevada, unless other conditions are mutually agreed upon.

If RLG is the aggrieved party, and they call for mediation, then you agree that you will participate in the mediation. If you fail to or refuse to participate in the mediation, then you agree that you waive any counterclaims that you may have against RLG, permanently and irrevocably.

In the event that mediation fails to resolve the matter, you then agree to arbitrate any dispute that you may have with RLG. You agree that you consent to binding "fee arbitration" before the Nevada Bar. The rules concerning this arbitration program are here: <www.leg.state.nv.us/courtrules/RGADR.html>.

In the event that arbitration is over anything other than our fees, you agree to confidential binding arbitration in Clark County, Nevada. The Parties agree that any litigation to compel arbitration or to confirm or vacate an arbitration award shall be resolved in the courts of Clark County, Nevada. The Parties hereby consent to personal jurisdiction and venue in the State of Nevada for such arbitration and/or litigation. This Agreement to Arbitrate is intended to be broadly interpreted. The Federal Arbitration Act governs the interpretation and enforcement of this Agreement to Arbitrate.

The parties must submit their claims to binding arbitration before a private arbitrator. The parties both agree that they will not use the services of JAMS or AAA for the arbitration, and any arbitration filed under either of those companies' auspices is immediately vacatable, unenforceable, and non-confirmable. If the parties can not agree on an arbitration provider, they shall use the services of Rob Bare. Any private arbitration must meet the following conditions:

1. It may not be through JAMS or AAA.
2. The arbitrator shall apply Nevada law.
3. The Arbitrator must swear or affirm that they have not presided over a case involving either party or either party's counsel for the prior five years.
4. The Arbitrator must agree to not take on any matter involving either party or either party's counsel for five years after the arbitration, with any violation of this requiring the disgorgement of any arbitration fees earned. Any arbitration conducted by an arbitrator who does not so agree shall be unconfirmable.
5. The arbitration decision may be re-submitted to a new arbitrator in the event of clear error of law or fact. The party submitting the matter to a new arbitrator shall pay the second arbitrator's fees and expenses. However, if that second arbitrator finds that there was a material error of law or fact in the decision that



Client's Initials

DocuSign Envelope ID: C44E1557-F8F5-4C8F-8C55-4C26CD2A8FA7
Case 3:21-cv-08249-DLR   Document 17-12   Filed 12/28/21   Page 9 of 13

Legal Services Fee Agreement (Rev. 21 July 2020)
August 18, 2021
Page 8 of 12

          affected the outcome of the first arbitration, the other party shall reimburse the re-submitting party for half the second arbitrator's fees and expenses.

6. If the second arbitrator does not find that there was a material error of law or fact in the decision that affected the outcome of the first arbitration, then the party re-submitting it shall pay the other party's attorneys' fees and expenses expended in the second arbitrator.

7. The arbitration must be confidential and under seal to the greatest extent possible, with liquidated damages of $25,000 per occurrence for any violation of such confidentiality and/or seal. Notwithstanding the foregoing, Client shall not be prohibited from making any relevant or necessary disclosures in any grievance or ethics complaint.

***NOTICE: This agreement contains provisions <u>requiring arbitration of fee disputes</u>. Before you sign this agreement you should consider consulting with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.***

I have directed additional attention to this Arbitration clause, and I agree to this clause and its limitations on liability for both parties.

   **(Client Signature)**

**13.   LIEN AND GUARANTEE.** Client hereby grants RLG a lien on any and all claims or causes of action that are the subject of this engagement. The lien will be for any sums owing to RLG at the conclusion of services performed. The lien will attach to any recovery you may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that RLG may be able to compel payment of fees and costs from any such funds recovered on your behalf even if RLG has been discharged before the end of the case. **Because a lien may affect your property rights, you may seek the advice of an independent lawyer of your choice before agreeing to such a lien. By signing this Agreement, you represent and agree that you have had a reasonable opportunity to consult such an independent lawyer and—whether or not you have chosen to consult such an independent lawyer— you agree that RLG will have a lien as specified above.**

The Client's signatory to this document personally guarantees Client's legal fees, and further agrees to joint and several liability for all legal fees incurred by Client in the event of non-payment. The foregoing section thus may affect the rights of the individual signatory, and all disclaimers therein apply to the signatory as well as the Client.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]


Client's Initials

DocuSign Envelope ID: C14E1557-F9E5-4C8F-8CF5-1C26CD2A8FA7
Case 3:21-cv-08249-DLR Document 17-12 Filed 12/28/21 Page 10 of 13

Legal Services Fee Agreement (Rev. 21 July 2020)
August 18, 2021
Page 9 of 12

**14. CONSULTATION WITH SEPARATE ATTORNEY.** Client acknowledges that she/he has read and fully understands all of the terms and conditions of this Agreement before signing it, and has been given 10 days to contact another attorney to review this fee agreement. Within those 10 days, Client may cancel this agreement and will only be responsible for charges already incurred. Client acknowledges that RANDAZZA LEGAL GROUP has recommended to Client that Client seek the services of a separate attorney to review this fee agreement. Client further acknowledges that he/she is able to request, in writing, more time to accomplish the review, should ten days not be adequate.

 (Client's initials)

**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS CONTAINED IN THIS DOCUMENT AND AGREE TO THESE TERMS AS OF THE DATE RLG FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.**

DATED: 8/30/2021      By: _AUDREY DAVIS_

9/10/2021      By: _JOHN JACOB HOWE_

DATED: _____      RANDAZZA LEGAL GROUP, PLLC

By: _____

For Randazza Legal Group, PLLC

As to guarantee:

_____      Dated:

## CLIENT CONTACT INFORMATION

CLIENT NAME: Audrey E. Davis

COMPANY NAME: _____

MAILING ADDRESS: ██████████ _____
Prescott, AZ █████
_____
_____

CELL PHONE: ██████████ _____

ALTERNATE PHONE: _____

EMAIL ADDRESS: ████████████████ _____

WEBSITE(S): _____
_____
_____

PERSONS AUTHORIZED TO DISCUSS LEGAL MATTERS
FOR COMPANY OR ORGANIZATION:
_____
_____

NOTES: _____
_____
_____

## Addendum A
## RATE SHEET

Client agrees to pay RLG at the following hourly rates:

| Timekeeper | Hourly Rate | Effective discount rate for net 14 |
|---|---|---|
| Marc J. Randazza – Partner | $900 / hr | $ 450 / hr |
| Other Partner Level Attorneys | $600 / hr | $ 300 / hr |
| Associates | $450 / hr | $ 225 / hr |
| Law Clerks with J.D. | $325 / hr | $ 162.50 / hr |
| Law Clerks (no J.D.) | $250 / hr | $ 125 / hr |
| Attorneys Performing Paralegal Tasks | $200 / hr | $ 200 / hr |
| Paralegals | $175 / hr | $ 87.50 / hr |

*Discount for Prompt Payment—Client will receive this discount only if full payment on the invoice is received by RLG within 14 calendar days of the invoice date. If payment is not received within this time period, the full rates will apply.

Note that attorneys performing paralegal tasks are <u>not</u> discounted, as often we blend attorney tasks with paralegal tasks. Accordingly, this hourly rate already represents a significant discount.



Initial Here

Addendum B
**OPTIONAL CLIENT CREDIT CARD AUTHORIZATION**

I, _____, (hereinafter, the "Client") hereby authorize RANDAZZA LEGAL GROUP, PLLC to charge my credit card for legal services upon the rendering of bills:

NAME ON CARD: _____

BILLING ADDRESS: _____

_____

_____

CARD NUMBER: _____

EXPIRATION DATE: _____    CVV: _____

SIGNATURE: _____

DATE SIGNED: _____

**IMPORTANT NOTICE:**

**Client agrees that Client waives the right to any charge-back on any credit card payment. In the event that Client makes a payment that Client wishes to reverse, Client must dispute the payment with RLG directly, and if this dispute is not resolved to Client's satisfaction, through fee arbitration as provided for elsewhere in this agreement.  In any event, all payments are subject to the dispute period discussed above.  Therefore, any chargeback made more than 30 days after the bill is rendered is deemed to be null and void and Client authorizes RLG to instruct their credit card company that the chargeback is contractually void.**

_____
Initial here