# EXHIBIT 8

**SUPERIOR COURT, STATE OF ARIZONA IN AND FOR THE COUNTY OF YAVAPAI**

| | |
|---|---|
| RHONDIE VOORHEES, an individual,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>AUDREY DAVIS and JOHN DOE DAVIS, husband and wife,<br><br>　　　　Defendants. | **Case No.** P1300CV202100396<br><br>**ORDER RE: NOTICE OF DISMISSAL WITHOUT PREJUDICE** |

| | |
|---|---|
| **HONORABLE JOHN NAPPER**<br>**DIVISION 2** | **BY:** Rosie Flores, Judicial Assistant<br>**DATE:** January 6, 2022 |

　　The Court has reviewed Plaintiff's *Notice of Dismissal without Prejudice* filed on November 18, 2021 and a *Letter* emailed to the Court and Plaintiff on December 7, 2021.

　　**IT IS ORDERED** the *Letter* attached to this order shall be filed into the case.

　　**IT IS FURTHER ORDERED** the Evidentiary Hearing is converted to a Status Conference on December 14, 2021.

　　**IT IS FURTHER ORDERED** Plaintiff's *Notice of Dismissal without Prejudice* and *Letter* will be addressed at the Status Conference on December 14, 2021 at 10:00 a.m.

　　The Court notes a Stipulation for Dismissal will vacate the hearing.


cc:　Daniel R. Warner- RM Warner, PLC (e)
　　　Marc J. Randazza- Randazza Legal Group, PLLC (e)



Via Email Only

Hon. John Napper div2@courts.az.gov120 S. Cortez
Prescott, AZ 86303

*Marc J. Randazza, JD, MAMC, LLM*
*Licensed in AZ, CA, FL, MA, NV*

**7 December 2021**

Re:   *Voorhees v. Davis, CV202100396* | *Position on Plaintiff's Notice of Voluntary Dismissal*

Dear Judge Napper:

The Court contacted us on December 6, 2021 inquiring as to whether we had any objection to Plaintiff Rhondie Voorhees's notice of voluntary dismissal without prejudice, filed in this matter on November 18, 2021.

Defendants Audrey Davis and John Doe Davis object to allowing Plaintiff to dismiss her claims **without** prejudice and without any conditions. Defendants' position is that Plaintiff filed and maintained this action in violation of A.R.S. § 12-349. This statute provides that a court "shall assess reasonable attorney fees [and] expenses . . . against an attorney or party . . . if the attorney or party does any of the following: 1. Brings or defends a claim without substantial justification. 2. Brings or defends a claim solely or primarily for delay or harassment. 3. Unreasonably expands or delays the proceeding." The term "without substantial justification" "means that the claim or defense is groundless and is not made in good faith." *Id*. at § 12-349(F). An award of attorneys' fees under this Section is a sanction, and thus is exempt from Ariz. R. Civ. P. 54(g)(1)'s requirement that a claim for attorneys' fees must be brought as part of a Rule 12(b) motion. *See* Ariz. R. Civ. P. 54(i)(1) and *Solimeno v. Yonan*, 224 Ariz. 74, 81 (Ct. App. 2010).

For the reasons explained in the prior-filed Motion to Dismiss, Plaintiff's claims were without substantial justification. Plaintiff also brought these claims for the primary purpose not of redressing any injury, but rather of harassing someone who was criticizing Plaintiff for conduct related to Title IX proceedings.

Plaintiff also unreasonably delayed proceedings in this matter by constantly insisting that Audrey Davis was not on active duty with the armed services while Plaintiff was trying to serve her. Meanwhile, had actual knowledge of this status. Further, Plaintiff filed motions to strike nearly every document Defendant filed in this case, without justification.  Plaintiff's conduct in this case was dilatory and delayed resolution of Ms. Davis's motion to dismiss by claiming she was in default and thus could not move to dismiss Plaintiff's suit.

Under these circumstances, the Court should only allow dismissal of Plaintiff's claims on the condition that Plaintiff pay Defendants' costs and reasonable attorneys' fees as a sanction under A.R.S. § 12-349. Furthermore, due to the frivolous nature of these claims and

Case 3:21-cv-08249-DLR   Document 24-8   Filed 01/11/22   Page 4 of 4



statements Plaintiff's counsel have made to us regarding Plaintiff's intent to assert these claims again, any dismissal should be **with** prejudice.

Defendants request that dismissal not be permitted until the Court has decided whether sanctions under A.R.S. § 12-349 are appropriate, and to set a briefing schedule for a motion under this statute.

Sincerely,

Marc J. Randazza

cc:     Dan Warner (via email)