Marc J. Randazza (AZ Bar No. 027861)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Audrey Davis

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Audrey Davis,<br><br>          Plaintiff /<br>          Counterclaim-Defendant,<br><br>     v.<br><br>Rhondie Voorhees,<br><br>          Defendant /<br>          Counterclaim-Plaintiff,<br><br>     and,<br><br>ERAU,<br><br>          Defendant. | Case No. 3:21-cv-08249-DLR<br><br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS DEFENDANT RHONDIE VOORHEES'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM** |

Plaintiff Audrey Davis hereby files under LRCiv 7.2(g) her Motion for Reconsideration of the Court's July 13, 2022 Order (Doc. 55) denying Davis's Motion to Dismiss Defendant Rhondie Voorhees's Counterclaim for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 19). The Court committed manifest legal error in its analysis warranting reconsideration.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## 1.0    INTRODUCTION AND FACTUAL BACKGROUND

3    On December 7, 2021, Rhondie Voorhees filed her Answer and Counterclaim,

4 asserting claims for defamation and false light against Audrey Davis. (Doc. 9.) Davis filed

5 her motion to dismiss the Counterclaim under Fed. R. Civ. P. 12(b)(6) on December 28,

6 2021 (Doc. 19), Voorhees filed her opposition on January 11, 2022 (Doc. 25), and Davis

7 filed her reply on January 25, 2022 (Doc. 29). On July 13, 2022, the Court entered an order

8 denying the Motion to Dismiss. (Doc. 55.)

9    In denying the Motion, the Court found, *inter alia*, that (1) it could not conclude

10 Voorhees, the Dean of Students at ERAU, was a limited-purpose public figure in

11 connection with Davis's Title IX complaint filed with ERAU; and (2) it could not conclude

12 that Davis's statements, based on disclosed facts without even a contention that these facts

13 were false, were statements of opinion, even going so far as to find that her statements were

14 factual in nature because Davis disclosed her sources. (Doc. 55 at 6-7.) These findings

15 fundamentally misapprehend controlling law on defamation claims, and the court either

16 ignored or misapplied cases cited in the parties' briefing. The Court committed manifest

17 error that warrants reconsideration of its order denying the Motion to Dismiss Voorhees's

18 Counterclaim, and the Court should instead grant that Motion.

19

## 2.0    LEGAL STANDARD

20    A party may bring a motion for reconsideration of a court's order under LRCiv

21 7.2(g), though such motions are disfavored absent "a showing of manifest error or a

22 showing of new facts or legal authority that could not have been brought to its attention

23 earlier with reasonable diligence." Reconsideration of an order is appropriate where there

24 is new evidence, the court committed a clear error or manifest injustice, or if there is an

25

RANDAZZA | LEGAL GROUP

intervening change in controlling law. *Vanaman v. McLaughlin*, No. 17-00446-TUC-JGZ, 2020 U.S. Dist. LEXIS 87587, *4 (D. Ariz. May 15, 2020) (reconsidering and vacating order denying motion to dismiss).

**3.0     LEGAL ARGUMENT**

**3.1     The Court Committed Manifest Error in Not Concluding Voorhees Was a Public Figure**

A public figure is anyone who "voluntarily injects himself or is drawn into a particular public controversy." *Flowers v. Carville*, 310 F.3d 1118, 1129 (9th Cir. 2002) (*citing Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974)). In considering whether a party is a limited purpose public figure, courts will consider whether (i) a public controversy existed when the statements were made, (ii) whether the alleged defamation is related to plaintiff's participation in the controversy, and (iii) whether the plaintiff voluntarily injected herself into the controversy for the purpose of influencing the controversy's ultimate resolution. *Makaeff v. Trump Univ., LLC,* 715 F.3d 254, 266 (9th Cir. 2013); *see also Dombey v. Phoenix Newspapers*, 150 Ariz. 476, 483 (1986).

In deciding that Voorhees is not a limited-purpose public figure, the Court misapprehended controlling law on this issue and defined the relevant controversy in the narrowest manner possible, creating an impossible standard. According to the Court, the relevant controversy was whether Voorhees mishandled Davis's Title IX Complaint, and thus Voorhees was not a limited-purpose public figure. (Doc. 55 at 6-7.)

Such a myopic view in the public figure analysis leads to inconsistent outcomes, however. By the Court's reasoning, Harvey Weinstein would not be a public figure if he sued his first accuser because there was no pre-existing controversy about his sexual abuse of the accuser. Rather, the actual relevant controversy is Voorhees's governance of university affairs. Evidence attached to Davis's Motion to Dismiss briefing and referenced

in Voorhees's Counterclaim show that there was a publicized, pre-existing controversy about her involvement in Title IX matters and how she treated students at other universities. (*See* Docs. 9-3; 19-1; 19-2; 19-4.) The Court also failed to acknowledge the large volume of case law across the country cited in Davis's briefing showing that university Deans are public figures on matters concerning the governance of their respective universities. (*See* Doc. 19 at 10-11.)

While not addressing these issues directly, the Court found that because there was a question of fact as to whether Voorhees was actually involved in Title IX matters at ERAU, it could not conclude Voorhees was a public figure. But that is not relevant, either. For purposes of administrative behavior and inaction at ERAU, Voorhees is the equivalent of a public official – and thus at least a limited-purpose public figure when it comes to university governance. A university's Dean of Students may very well be insulated from Title IX matters, but what matters here is the perception of the student body and the general public as to how the Dean of Students is or should be involved in or responsible for such matters. When the page for the Dean of Students on ERAU's website contains a section on sexual misconduct, Voorhees is communicating to the public that she is responsible for sexual misconduct complaints, regardless of whether or not that is technically true. (*See* Doc. 19-3 at 3.)

By misapplying the relevant law and erroneously defining the relevant public controversy in the narrowest possible way, the Court committed manifest error in finding that Voorhees is not a limited-purpose public figure. This warrants reconsideration of the Court's denial of Davis's Motion to Dismiss.

### 3.2    The Court Committed Manifest Error in Finding Davis's Statements Were Not Opinion

In denying the Motion to Dismiss, the Court found that "[t]he statements, direct or implied, are capable of being proved true or false. Indeed, the statements appeared in a petition that cited hyperlinked articles, **suggesting that the statements were supported by research and thus capable of being proved true or false**." (Doc. 55 at 7) (emphasis added.) This statement from the Court shows a significant misapprehension of defamation law in determining whether a statement is one of opinion or fact that warrants reconsideration.

Arizona courts consider three factors to determine if a statement can be defamatory: "(1) whether the words would be understood in a defamatory sense, (2) whether the statements were made in public debate, a heated labor dispute, or other circumstances in which fiery rhetoric is expected, and (3) whether the language of the statement is more likely to be understood as a statement of opinion than of fact." *Amcor Inv. Corp.*, 158 Ariz. at 570 (*citing Lewis v. Time, Inc.*, 710 F.2d 549, 553 (9th Cir. 1983)). **A party disclosing the facts on which they based their conclusions prevents a statement from being actionable.** *See Partington v. Bugliosi*, 56 F.3d 1147, 1156-57 (9th Cir. 1995) (adopting reasoning of other circuits "that when an author outlines the facts available to him, thus making it clear that the challenged statements represent his own interpretation of those facts and leaving the reader free to draw his own conclusions, those statements are generally protected by the First Amendment").

The Court misapplied case law on when a statement is of opinion by concluding that a statement is more likely to be seen as factual when the author cites their sources, makes a disclaimer of their own bias, and encourages their audience to review such sources and reach their own conclusions. These are all contextual considerations that counsel strongly

towards finding the statements to be of non-actionable opinion. The Court either missed these contextual facts or misinterpreted their significance.

While Voorhees argued (in the context of the fair report privilege) that Davis's statements were not accurate summaries of the sources she cited, Voorhees did not argue that Davis's sources contained false statements. At most, she claimed that Jon Krakauer's cited book, cited by Davis, contained inaccuracies, but this allegation of inaccuracy appears nowhere in Voorhees's Counterclaim and is not supported by any evidence. The Court thus need not accept it as true even on a Rule 12(b)(6) motion. At most, Voorhees argued that Davis's statements were unreasonable opinions based on disclosed facts, the accuracy of which is not contested. But a statement of opinion "'based on disclosed or assumed nondefamatory facts is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is.'" *Lewis v. Time, Inc.*, 710 F.2d 549, 555 (9th Cir. 1983) (quoting Restatement (Second) Torts § 566 cmt. c (1977)). Davis's statements are thus not defamatory, and the Court misapprehended controlling law in reaching a different conclusion, constituting manifest error and warranting reconsideration.

## 4.0   CONCLUSION

For the foregoing reasons, the Court should reconsider its order denying Davis's Motion to Dismiss Voorhees's Counterclaim, and dismiss Voorhees's Counterclaim with prejudice in its entirety.

Dated: July 27, 2022.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (AZ Bar No. 027861)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorneys for Plaintiff
Audrey Davis

Case No. 3:21-cv-08249-DLR

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of July 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Randazza Legal Group, PLLC