**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Audrey Davis, | No. CV-21-08249-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Rhondie Voorhees, et al., | |
| Defendants. | |

Before the Court is Plaintiff's' motion for reconsideration of the Court's July 13, 2022 order. (Doc. 57.) Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* The court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

Here, Plaintiff has neither made a showing of manifest error nor presented the Court with new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Rather, Plaintiff repeats arguments that the Court previously considered and rejected. Plaintiff's mere disagreement with the Court's prior order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

A theme running through the motion to reconsider is that the Court made definitive findings as to whether Defendant is a private, rather than limited public, figure and whether the allegedly defamatory statements were factual in nature, rather than opinion. This is a misreading. On a Rule 12(b)(6) motion, the Court can only review the four corners of the pleading and must draw all inferences in favor of the nonmovant. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). From this vantage, all the Court found was that the counterclaim plausibly alleged that Defendant is a private figure and that Plaintiff made statements of fact. That something is plausibly alleged at the pleading stage does not make it definitively so. Plaintiff is free to re-press her arguments at a later stage, when more than the sufficiency of the pleading is at issue. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 57) is **DENIED**.

Dated this 11th day of August, 2022.

Douglas L. Rayes
United States District Judge