Marc J. Randazza (AZ Bar No. 027861)
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, Nevada 89118
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff /
Counterclaim-Defendant Audrey Davis

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Audrey Davis, | Case No. 3:21-cv-08249-DLR |
| Plaintiff / Counterclaim-Defendant, | |
| v. | **REPLY IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER [DOCS. 43 & 65]** |
| Rhondie Voorhees, | |
| Defendant / Counterclaim-Plaintiff, | |
| and, | |
| ERAU, | |
| Defendant. | |

Plaintiff Audrey Davis hereby files her reply in support of her motion to modify the Scheduling Order [Doc. 43] as modified on November 4, 2022 [Doc. 65].

Defendant Rhondie Voorhees's opposition to the motion [Doc. 72] is premised on the notion Ms. Davis has not been diligent in seeking discovery, but fails to address that the issues brought up by both her and the University of Montana in their responses to subpoenas and discovery requests (specifically, objections based on FERPA) were raised

1  for the first time only a matter of weeks before Ms. Davis sought the current extension of

2  discovery. This is a new issue that hopefully can be resolved informally, but not by the

3  current discovery cutoff. If Voorhees would prefer highly contentious discovery motion

4  practice on an expedited schedule, then Davis can abide by that, but doing so is not in the

5  spirit of congeniality expected by this court, nor the mandate of Fed. R. Civ. P. 1 that the

6  Federal Rules "should be construed, administered, and employed by the court and the

7  parties to secure a just, speedy, and inexpensive determination of every action and

8  proceeding." Voorhees certainly fails even to suggest that any prejudice would result from

9  granting the requested extension.  She just opposes it because Davis wants it.

10      Without citing anything specific, Voorhees complains that an extension also is not

11  warranted because the documents and information requested from her and the University

12  of Montana are not relevant and are disproportionate to the needs of the case. Without

13  attaching the full sets of discovery requests and responses, Davis will merely state for now

14  that Voorhees is not being forthcoming. The discovery requested bears directly on issues

15  central to Voorhees's counterclaim, including the extent to which Voorhees was involved

16  in Title IX matters at the University of Montana, the reputation she had for involvement in

17  Title IX matters there, and the particulars of her involvement in the case of Jame Wallack

18  at the University of Montana, which underlie one of the statements that Voorhees claims is

19  defamatory. Declaration of Marc J. Randazza, attached as **Exhibit 1**, at ¶ 4. Voorhees's

20  formulaic objections on relevance and proportionality grounds are also deficiencies in her

21  responses that Davis will address, but it is primarily the new FERPA issues that warrants

22  an extension.

23      Voorhees' vituperative and deficient response notes that she has made frivolous

24  objections and then claims to be surprised that Davis sought the discovery from the

25

1  University of Montana.   The reason is simple:   Davis knows Voorhees' history of

2  attempting to make things expensive and drawn out (for example, when she lied to the

3  Court in Yavapai County that she had "no reason to believe" that Davis was on active duty,

4  despite being fully aware of that fact – so that she could seek an unwarranted default).   And

5  Davis is well aware that Voorhees' counsel would prefer to pound the billing pad rather

6  that conduct himself in a professional manner.

7      Voorhees suggests in her opposition that Davis "[b]ringing [her] objection to the

8  court for resolution would likely make the subpoena to UMN entirely moot." Why bring

9  these things to a head when there is a path of less resistance?  Accordingly, Davis attempted

10  to get the discovery from the University of Montana, which has been collegial and

11  cooperative, but has significant concerns about FERPA.  Would the Court prefer to have

12  motion practice before it, or simply compel Voorhees to do what professionalism and

13  courtesy would have mandated – just agree to an extension.  After all, when ERAU asked

14  for one, Davis gladly agreed.  But, now that it is Davis' turn to request one, the courtesies

15  have apparently become too much to bear.

16      Finally, Voorhees speculates that Davis not stipulating to a protective order in this

17  case is somehow evidence of dilatory motive. This is nonsense. Davis did not stipulate to

18  a protective order because she does not feel one is necessary or warranted in this case. She

19  has nothing to hide, and Defendants never articulated any basis for needing one. Randazza

20  Decl. at ¶ 5. Defendants should not assume they are entitled to unilaterally hide documents

21  and information from public view, especially when such documents and information may

22  be highly relevant to issues of great interest to, at the very least, the student body of ERAU.

23      Good cause exists to modify the scheduling order and extend pending discovery and

24  related deadlines by 90 days.  Voorhees' arguments to the contrary are unavailing – and her

25

suggestion that instead of a minor extension that the parties should rack up the billing and bother the Court with motion practice are surprising and disappointing.

Dated: February 3, 2023.                    Respectfully submitted,

                                            /s/ Marc J. Randazza
                                            Marc J. Randazza (AZ Bar No. 027861)
                                            RANDAZZA LEGAL GROUP, PLLC
                                            4974 S. Rainbow Blvd., Suite 100
                                            Las Vegas, Nevada 89118

                                            Attorneys for Plaintiff /
                                            Counterclaim-Defendant Audrey Davis

Case No. 3:21-cv-08249-DLR

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of February, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Randazza Legal Group, PLLC