**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Daniel R. Warner, Esq. (AZ Bar # 026503)
Email: dan@rmwarnerlaw.com
Raeesabbas Mohamed, Esq. (AZ Bar # 027418)
Email: Raees@rmwarnerlaw.com
Tel: 480-331-9397
Fax: 1-866-961-4984
*Attorneys for Rhondie Voorhees*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Audrey Davis, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Rhondie Voorhees, personally and as Dean of Students at Embry-Riddle Aeronautical University; The Embry-Riddle Aeronautical University Board Of Trustees; Embry-Riddle Aeronautical University; and Tyler Smith, an individual,<br><br>Defendants.<br><br>Rhondie Voorhees, an individual<br><br>Counterclaimant,<br><br>v.<br><br>Audrey Davis, an individual,<br><br>Counterdefendant. | NO. 3:21-cv-08249-DLR<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT RHONDIE VOORHEES'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT III** |

Pursuant to this Court's Order entered on May 25, 2023 (Doc. 87), Defendant/Counterclaimant Rhondie Voorhees ("Dr. Voorhees"), by and through undersigned counsel, submits this supplemental brief in support of her Motion For

1

Judgment On The Pleadings As To Count III (the "Motion") (Doc. 75).[1]

## I. Extra-pleading documents attached by Dr. Voorhees as exhibits to her Motion and/or supporting Reply.[2]

### A. Judicial Notice

Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)(quotation marks and citation omitted). But a court cannot take judicial notice of disputed facts contained in such public records. *Id.*

The Minute Entry that Dr. Voorhees attached as Exhibit 1 to the Motion is not subject to dispute. It is a ruling entered by the Yavapai County Superior Court in the Defamation Lawsuit. The document states, and is being used to demonstrate, that Dr. Voorhees voluntarily dismissed the Defamation Lawsuit without prejudice.

Similarly, the same is true regarding the Minute Entries attached as Exhibit 2 to Dr. Voorhees's Reply. The Minute Entries were entered by the Yavapai County Superior Court

---

[1] In her Motion and supporting Reply, Dr. Voorhees primarily refers to Davis's First Amended Complaint and the documents physically attached thereto as exhibits. Because these documents are not considered to be outside of the pleadings, Dr. Voorhees will refrain from discussing these documents accordingly. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[A] court may consider 'material which is properly submitted as part of the complaint' on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment).

[2] To the extent Dr. Voorhees cited to other extra-pleading documents not discussed herein, the documents were likely first cited by Davis in her Response and should not be considered by the Court as indicated in Dr. Voorhees's Reply (Doc. 78, 2:17-28).

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

in the Defamation Lawsuit. As stated in the document, the first Minute Entry pertains to a status conference, which resulted in the court setting oral argument on Davis's Motion to Continue under the SCRA. The second Minute Entry simply notes that the previously scheduled oral argument would be continued to December 14, 2021 and combined with an evidentiary hearing on Davis's Motion to Continue. Likewise, Dr. Voorhees attached the Motion to Continue as Exhibit 1 to her Reply for the sole purpose of demonstrating that a motion to continue under the SCRA was in fact filed by Davis. These procedural occurrences are not in dispute, and the Court should take judicial notice of them accordingly.

### B. Incorporation By Reference

The incorporation by reference doctrine is "a judicially-created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). This is to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions that weaken—or doom—their claims." *Id.* Incorporation by reference is appropriate "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 1002 (quoting *Ritchie*, 342 F.3d at 907); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (the doctrine applies in "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint").

Davis's SCRA claim is based on her allegation that "Davis is, and was, 'servicemember' on July 8, 2021," and that she was "on active duty orders at the time." *See* First Amended Complaint, ¶¶ 80-82 (Doc. 49). These allegations, and thus Davis's entire SCRA claim, depend upon the underlying ROTC Contract, which Dr. Voorhees attached to

the Motion as Exhibit 2. Davis could not be in military service while participating in the ROTC program at ERAU if she did not have a military service obligation based on the plain language of the ROTC Contract. This is exactly the type of situation that the incorporation-by-reference doctrine was created to address. The plain language of the ROTC Contract makes it apparent that Davis's SCRA claim is doomed as a matter of law. Accordingly, the Court should find that the ROTC Contract constitutes a document upon which Davis's SCRA claim "necessarily relies," and may be considered under the incorporation-by-reference doctrine.

## II. Extra-pleading documents attached by Davis as exhibits to her Response.

In her Response, Davis cites to numerous documents that are clearly outside of the pleadings and do not fall within the judicial notice exception or the incorporation by reference exception, including Email correspondence between Voorhees and Davis, produced as VOORHEES000293-302, attached as Exhibit 1; Doc. 17-3; Email correspondence between Patrick Davis and Voorhees counsel, produced as VOORHEES 000282-292, attached as Exhibit 2; Active Duty Orders, Doc. 17-4 at 17-18; Doc. 17-5; Doc.17-4; Doc. 24-11; Doc. 17-6; and Doc. 17-7. Accordingly, Dr. Voorhees objects to these documents and requests that the Court strike the documents and/or refrain from considering them.

RESPECTFULLY SUBMITTED this 31st day of May, 2023.

**RM WARNER, PLC**

By: /s/ Daniel R. Warner, Esq
     Daniel R. Warner, Esq.
     8283 N. Hayden Road Suite 229
     Scottsdale, Arizona 85258
     *Attorneys for Rhondie Voorhees*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the submission date referenced above, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jenna Pitchel
Jenna Pitchel, RM Warner, PLC employee