**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Audrey Davis, | No. CV-21-08249-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Rhondie Voorhees, | |
| Defendant. | |

Pending before the Court is Defendant Rhondie Voorhees' motion for judgment on the pleadings, which is fully briefed. (Docs. 75, 77, 78, 88, 89, 90. 91.) For the following reasons, the Court grants Dr. Voorhees' motion.

**I. Background[1]**

At the relevant time, Plaintiff Audrey Davis was a member of the Reserve Officers' Training Corps ("ROTC") and a student at Embry-Riddle Aeronautical University ("ERAU"), where Dr. Voorhees is the Dean of Students. (Doc. 49 at 2, 12.) Ms. Davis alleges that: (1) she was sexually assaulted by an ERAU student; (2) she reported the incident to ERAU seeking action under Title IX; (3) ERAU and Dr. Voorhees acted

---

[1] For purposes of this order, the facts alleged in the first amended complaint (Doc. 49) are accepted as true. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004). Each party submitted with their briefing materials outside the pleadings. The Court will identify in this order when it has taken judicial notice of a document outside the pleadings. Any extra-pleading material not addressed in this order was either deemed by the Court to be immaterial to the disposition of the pending motion, or not properly subject to judicial notice.

indifferently and failed to accommodate Ms. Davis in her classes; and (4) she drafted a petition seeking Dr. Voorhees' resignation due to her deliberate indifference toward sexual assault victims and how ERAU treated her. (*Id.* at 2-6.)

In response, Dr. Voorhees sued Ms. Davis for defamation in state court (the "Defamation Lawsuit") based on the content of the petition. (*Id.* at 8.) Dr. Voorhees requested that the state court enter default against Ms. Davis for failing to timely respond to the complaint. (*Id.*) In connection with that motion for entry of default, Dr. Voorhees, through counsel, filed an allegedly false affidavit verifying to the best of her knowledge that Ms. Davis was not in active military service. (*Id.*) According to the first amended complaint, Dr. Voorhees knew that Ms. Davis was in the ROTC and had upcoming training. (*Id.*) Though Dr. Voorhees moved for entry of default, a default judgment was neither sought nor entered because Dr. Voorhees voluntarily dismissed the Defamation Lawsuit without prejudice. (Doc. 75-2.)[2]

Ms. Davis filed this lawsuit on November 11, 2021 (Doc. 1) and amended her complaint on April 26, 2022 (Doc. 49). In relevant part, Count III of the first amended complaint accuses Dr. Voorhees of violating the Servicemembers Civil Relief Act ("SCRA") by submitting a false affidavit regarding Ms. Davis' status as an active servicemember in connection with the motion for entry of default in the Defamation Lawsuit. (*Id.* at 11-12.) Dr. Voorhees filed an answer on April 28, 2022 (Doc. 50), and later moved for judgment on the pleadings as to Count III (Doc. 75).

**II. Legal Standard**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and ... 'the same standard of review' applies to motions brought under either rule."

---

[2] The Court may take judicial notice of the state court order granting Dr. Voorhees' motion for voluntary dismissal without converting her motion into a motion for summary judgment. *See* Fed. R. Civ. P. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

*Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, a motion for judgment on the pleadings will be granted if the complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

**III. Discussion**

Dr. Voorhees argues that she is entitled to judgment on the pleadings for two reasons: (1) the SCRA does not apply to Ms. Davis because she was not an active servicemember at the relevant time and (2) even if Ms. Davis was an active servicemember, the SCRA's affidavit provision does not apply to motions seeking only entry of default, rather than default judgment. Because the second argument is dispositive, the Court need not consider the first.

The Court begins with the text of the relevant SCRA provision. The title of that provision is "Protection of servicemembers against default *judgments*." 50 U.S.C. § 3931 (emphasis added). The text of the relevant subsection also speaks in terms of judgments:

> (1) Plaintiff to file affidavit
>
> In any action or proceeding covered by this section, the court, before entering *judgment* for the plaintiff, shall require the plaintiff to file with the court an affidavit—
>
> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

*Id.* at (b)(1) (emphasis added). The plain text therefore supports Dr. Voorhees' argument.

What's more, Dr. Voorhees cites a case—*Palaciosreal v. Indem. Co. of California, Inc.*, No. CV 13-00993 RGK (DTBx), 2013 WL 12139138 (C.D. Cal. Oct. 21, 2013)— supporting a plain reading of the SCRA's text. The court in *Palaciosreal* considered a similar fact pattern; the plaintiff, an active servicemember, sued the defendant for violating the SCRA by submitting in a separate case an allegedly false affidavit with a motion for

1  entry of default. *Id.* at *2. Examining the plain text of the SCRA, the court concluded that
2  the affidavit requirement is triggered only when a litigant seeks entry of default judgment
3  against an active servicemember. Because the defendant in *Palaciosreal* had only sought
4  entry of default, the court dismissed SCRA claim. *Id.* *4.

    The Court finds *Palaciosreal* persuasive. Entering a default is distinct from entering a default judgment. *See* Fed. R. Civ. P. 55. The affidavit Dr. Voorhees' counsel submitted in the Defamation Lawsuit related to a motion for entry of default, not a default judgment. (Doc. 49-3 at 2.) Therefore, even if the Court assumes Ms. Davis' ROTC membership constituted active military service and that Dr. Voorhees knew Ms. Davis was an active servicemember at the time she submitted the affidavit, Ms. Davis can state no plausible SCRA claim because Dr. Voorhees did not seek nor did the state court enter a judgment of any kind. *See Prudential Ins. Co. of Am. v. Forrest*, No. 3:20-cv-00135, 2021 WL 10256467, at *2 (M.D. Tenn. Mar. 24, 2021) ("[T]he SCRA's affidavit requirement and subsequent protections only apply when a plaintiff seeks default judgment pursuant to Federal Rule of Civil Procedure 55(b), not entry of default by the Clerk pursuant to Rule 55(a).").

    In arguing otherwise, Ms. Davis urges the Court to interpret "default judgment" broadly in the context of the SCRA. But she cites no case where a court has liberally construed "default judgment" to include "default" in the context of the SCRA. Instead, based on the plain language of the SCRA and persuasive case law interpreting it, the Court finds liability under the SCRA attaches only when a false affidavit is submitted to a court in connection with a request for entry of judgment. Based on the allegations in the complaint and court records properly subject to judicial notice, Dr. Voorhees could not have violated this provision of the SCRA. Accordingly,

25  / / /
26  / / /
27  / / /
28

1   **IT IS ORDERED** that Dr. Voorhees' motion for judgment on the pleadings (Doc. 75) is **GRANTED.** Count III of the first amended complaint is dismissed.

Dated this 8th day of June, 2023.

Douglas L. Rayes
United States District Judge