**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Audrey Davis,

Plaintiff,

v.

Rhondie Voorhees, et al.,

Defendants.

No. CV-21-08249-PCT-DLR

**ORDER**

At issue is Plaintiff Audrey Davis' motion for reconsideration or clarification of the Court's order granting Defendant Rhondie Voorhees' motion for judgment on the pleadings as to Count III. (Doc. 103.) Ms. Davis doesn't ask the Court to reconsider its decision to grant judgment to Ms. Voorhees. Instead, she contends the Court failed to address her request to certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Ms. Davis made this request, in the alternative, on pages 13 through 15 of her response in opposition to Ms. Voorhees' motion for judgment on the pleadings. (Doc. 77.) And Ms. Davis is correct that, in ruling on the motion, the Court overlooked this alternative request. This District's Local Rules of Civil Procedure permit reconsideration where, as here, the movant "point[s] out with specificity the matters that the movant believes were overlooked . . . by the Court[.]" LRCiv 7.2(g)(1). The Court therefore grants Ms. Davis' motion for reconsideration to the extent it seeks a ruling on her request to certify the Court's prior order for interlocutory appeal.

Turning to the merits of Ms. Davis' certification request, the Court finds certification for interlocutory appeal unwarranted. Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The Court granted judgment for Ms. Voorhees on Count III of the amended complaint after concluding the affidavit provision in the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3931, isn't triggered by a motion for entry of default, which is distinct from a motion for default judgment. (Doc. 97 at 3-4.) Ms. Davis argues, correctly, that this is a controlling issue of law as to Count III. But the Court isn't persuaded there is substantial ground for difference of opinion on this issue. As the Court explained in its prior order, the plain text of § 3931 speaks in terms of judgments, the Federal Rules of Civil Procedure distinguish between entry of default and entry of default judgment, and other cases (albeit non-binding) interpreting § 3931 have persuasively concluded this section doesn't apply when a litigant seeks only entry of default against an active servicemember.

In her motion for reconsideration, Ms. Davis criticizes one of the decisions relied on by this Court—*Palaciosreal v. Indem. Co. of California, Inc.*, No. CV 13-00993 RGK (DTBx), 2013 WL 12139138 (C.D. Cal. Oct. 21, 2013)—and argues that the district judge who wrote that order "was lazy."[1] (Doc. 103 at 5.) This Court doesn't agree with Ms. Davis' disparagement of the *Palaciosreal* court or her critique of that decision's reasoning. But

[1] Ms. Davis' motion for reconsideration also insinuates that this Court simply saw another case that addressed this issue and reflexively chose "the road already traveled." (Doc. 103 at 5.) Ms. Davis' speculation is misguided. This Court thoroughly considered the issue and followed the reasoning of *Palaciosreal* not because it was easy, but because in this Court's judgment it was right.

regardless, Ms. Davis fails to acknowledge that *Palaciosreal* wasn't the only decision relied upon by this Court. The prior order also cited *Prudential Ins. Co. of Am. v. Forrest*, No. 3:20-cv-00135, 2021 WL 10256467, at *2 (M.D. Tenn. Mar. 24, 2021) ("[T]he SCRA's affidavit requirement and subsequent protections only apply when a plaintiff seeks default judgment pursuant to Federal Rule of Civil Procedure 55(b), not entry of default by the Clerk pursuant to Rule 55(a).") And even now, additional support for this proposition is not hard to find. *See, e.g.*, *Interinsurance Exchange v. Collins*, 30 Cal. App. 4th 1445, 1447-48 (Cal. App. 1994) ("Congress sought to protect military personnel not from defaults, but from default judgments."). In sum, the Court doesn't find substantial ground for difference of opinion on this issue. The relevant statutory provision speaks of "default judgments," the Federal Rules of Civil Procedure distinguish between entry of default and entry of default judgment, this Court has found several cases persuasively concluding the SCRA's affidavit provision doesn't apply to the mere entry of default, and Ms. Davis has cited no case adopting her reading.

The Court also is unpersuaded that an interlocutory appeal would materially advance the ultimate termination of this litigation. Ms. Davis' argument for certification goes like this. Without Count III, there are no claims asserted by her against Ms. Voorhees, thereby depriving the Court of subject-matter jurisdiction over Ms. Voorhees' counterclaim. If the Court doesn't dismiss the counterclaim on its own, Ms. Davis plans to move for dismissal. And if the Court grants that motion, Ms. Voorhees conceivably could re-file her counterclaim in state court, only for the Ninth Circuit to potentially revive Ms. Davis' SCRA claim on direct appeal at the conclusion of this case, thereby re-establishing subject-matter jurisdiction over Ms. Voorhees' counterclaim. (Doc. 103 at 8-9.) This long string of suppositions, contingent upon strategic decisions of the litigants and assumptions about hypothetical future court rulings, doesn't persuade the Court that an immediate interlocutory appeal of a ruling on only one of the claims Ms. Davis has alleged in her amended complaint will materially advance this litigation. For these reasons,

**IT IS ORDERED** that Ms. Davis' motion for reconsideration (Doc. 103) is

**GRANTED** only to the extent it seeks a ruling on her request for certification under 28 U.S.C. § 1292(b). For reasons stated in this order, the Court declines to certify its June 8, 2023, order (Doc. 97) for an immediate interlocutory appeal.

Dated this 5th day of July, 2023.

Douglas L. Rayes
United States District Judge