# EXHIBIT 1

Joshua Woodard (Bar #015592)
jwoodard@swlaw.com
Audrey E. Chastain (Bar #033998)
achastain@swlaw.com
SNELL & WILMER L.L.P.
One East Washington Street
Suite 2700
Phoenix, AZ  85004-2556
Telephone: (602) 382-6000
Facsimile: (602) 382-6070

*Attorneys for Defendant Embry-Riddle Aeronautical University, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Audrey Davis, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Embry-Riddle Aeronautical University,<br><br>Defendant. | No. 3:21-cv-08249-DLR<br><br>**DECLARATION OF AUDREY E. CHASTAIN IN SUPPORT OF ERAU'S POSITION IN JOINT STATEMENT OF DISCOVERY DISPUTE** |

I, Audrey E. Chastain, declare as follows:

1.     I am an attorney at Snell & Wilmer L.L.P. I am the attorney of record for Defendant Embry-Riddle Aeronautical University, Inc. ("ERAU"), along with my colleague, Joshua R. Woodard.

2.     On August 9, 2023, Plaintiff's counsel, Jenny Foley, took the deposition of former Defendant/Counterclaimant Rhondie Voorhees ("Voorhees"). During that deposition, I overheard troubling conversations between Voorhees' counsel, Dan Warner, on the one hand, and Plaintiff's counsel, Ms. Foley, on the other hand.

3.     At the deposition: (i) I, as ERAU's counsel, attended the deposition virtually via Zoom, announced my presence on the record, and my name was displayed on the computer screen at all times; (ii) Plaintiff's counsel, Adam Massey, also attended the deposition virtually via Zoom, he also announced his presence on the record, and his name also was displayed on the computer screen; and (iii) the court reporter attended the

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

4868-0502-6692

deposition virtually via Zoom, announced his presence, and his name was displayed on the computer screen. Additionally, the following individuals attended the deposition in person: (iv) ERAU's counsel, Josh Woodard; (v) Voorhees' counsel, Dan Warner and Cha'Mira Keener (who appeared on behalf of Voorhees in Don Stevens' place); (vi) Voorhees; (vii) Plaintiff's counsel, Ms. Foley; and (viii) the videographer. In addition to being present in person, Plaintiff's counsel, Ms. Foley, and Voorhees were also displayed on the Zoom feed.

4.      When ERAU's counsel, Mr. Woodard, stepped out of the conference room in which the deposition was being held during breaks, I; Plaintiff's counsel, Ms. Foley and Mr. Massey; Voorhees; and the court reporter remained on the Zoom conference. In addition, Plaintiff's counsel, Ms. Foley; Voorhees' counsel, Dan Warner and Ms. Keener; and the videographer remained in the conference room.

5.      During several of these breaks, I overheard Mr. Warner and Ms. Foley cooperating in what appeared to be Voorhees' attempt to help Plaintiff and undermine ERAU – all despite her status as a co-defendant with ERAU and adverse to Plaintiff. Those conversations also evidenced what appeared to be an agreement or understanding between Voorhees and Plaintiff, yet there was no disclosure of that fact prior to or during Voorhees' deposition.

6.      For instance, I heard the following concerning comments and witnessed the following behavior:

    a.  After the parties went off the record at approximately 3:42 pm and ERAU's counsel, Mr. Woodard, left the conference room:

        i.  Ms. Foley: [Smiling and with wide eyes] "The whole place [ERAU] is going up in flames. Everyone is complaining."
        ii.  Mr. Warner: "And Charlie [Sevastos (ERAU'S General Counsel)] is trying to hide behind his bullshit dual role."
        iii.  Mr. Warner: "I'm trying to think if there is anything else…"
        iv.  Ms. Foley: "I will ask about documents to confirm they didn't produce everything. I will get to it if we have time. If not, it will be a meet-and-confer letter."

    b.  After the parties went off the record at approximately 4:32 pm and after ERAU's counsel, Mr. Woodard, again left the conference room:

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

Snell & Wilmer

L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

        i.  Mr. Warner: "There's not much more on that specifically" [referring to Voorhees' testimony about her meeting regarding the termination of her employment with ERAU].

    c.  After the parties ended the deposition and went off the record at approximately 5:12 pm, and after ERAU's counsel, Mr. Woodard, left the conference room:

        i.   Mr. Warner discussed finalizing "the stipulation language."
        ii.  Ms. Foley: "Oh, yes."
        iii. Mr. Warner: "If they [ERAU] want to play these games, so can we [Plaintiff and Voorhees]. This is bullshit."

    d.  Mr. Warner and Ms. Foley continued to discuss modifying the stipulation and/or settlement language and agreed to be in touch.

7.  On August 24, 2023, Mr. Woodard and I sent a letter to all counsel regarding what I overheard at Voorhees's deposition. The letter is attached hereto as **Exhibit A**.

8.  The next day, August 25, 2023, Voorhees' former counsel, Don Stevens, emailed Mr. Woodard and me regarding the contents of our August 24 letter, Exhibit A. The email chain is attached hereto as **Exhibit B**. Initially, in his 9:13 AM email, Mr. Stevens attempted to claim that Ms. Foley's and Mr. Warner's discussions were the "inadvertent disclosure of privileged material," and that I engaged in an ethics problem. *See id.* at 3.

9.  Mr. Woodard responded to Mr. Stevens' email and explained that Mr. Stevens neither mentioned what privilege was being asserted nor articulated how a conversation between opposing counsel could be privileged in the first instance. *See id.* at 2. Mr. Woodard explained that the conversation was not confidential, given the numerous individuals who were on Zoom and in the conference room where the conversation occurred, did not involve legal advice, and was not a conversation between an attorney and a client. Moreover, Mr. Woodard emphasized that Ms. Foley and Mr. Warner did not discuss any settlement terms, but Mr. Warner merely mentioned the word, "stipulation." *See id.* Mr. Stevens responded to Mr. Woodard's email. *See id.* at 1.

10. Since the above communications occurred, Voorhees and Plaintiff filed a Stipulation for Dismissal with Prejudice [Doc. 120]. Thus, what I overheard at the deposition came true.

4868-0502-6692

- 3 -

11.     Given the conversations that I overheard at Voorhees' deposition, the manner in which the deposition proceeded, and Mr. Stevens' attempts to clawback the information from the communications I overheard, my understanding is that Voorhees, Voorhees' counsel, and Plaintiff's counsel colluded with respect to Voorhees' deposition.

12.     At the parties' meet-and-confer conference on this discovery dispute, Ms. Foley threatened sanctions against me for allegedly violating the duty of candor to announce my presence, if ERAU pursued this discovery dispute further with the Court. However, as I mention above, I announced myself on the record and remained on the Zoom screen with my name displayed at all times, along with other individuals. As I have done in prior depositions in this matter that I have not defended, I turned my camera off immediately after announcing my presence for the record and remained off camera and muted throughout the duration of the deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of October, 2023, in Tucson, Arizona.

*s/Audrey E. Chastain*
Audrey E. Chastain

# EXHIBIT A

# EXHIBIT A

# Snell & Wilmer

ONE EAST WASHINGTON STREET
SUITE 2700
PHOENIX, AZ  85004-2556
602.382.6000 P
602.382.6070 F

**Joshua R. Woodard**
**(602) 382-6281**
**jwoodard@swlaw.com**

**Audrey Chastain**
**520-882-1252**
**achastain@swlaw.com**

August 24, 2023

**VIA EMAIL ONLY**

Jennifer L. Foley: jlf@randazza.com
Marc Randazza: mjr@randazza.com
Alex Shepard: ajs@randazza.com
Adam Massey: adam@cagoldberglaw.com
Dan Warner: dan@rmwarnerlaw.com
Raees Mohamed: raees@rmwarnerlaw.com
Don Stevens: dstevens@ledbetterlawaz.com

Re:    Plaintiff's Request to Depose ERAU's General Counsel Charlie Sevastos

Dear all:

Thank you for reaching out regarding the request to depose ERAU's General Counsel Charlie Sevastos. We have carefully considered the request and respectfully decline to produce Mr. Sevastos for the reasons outlined below.

During Dr. Voorhees' August 9, 2023 deposition, there were troubling conversations overheard between Dr. Voorhees' counsel, Dan Warner, on the one hand, and Plaintiff's counsel, Jenny Foley, on the other. As you are aware: (i) ERAU's counsel, Audrey Chastain, attended the deposition virtually via Zoom, announced her presence on the record, and her name was displayed on the computer screen; (ii) Plaintiff's counsel, Adam Massey, also attended the deposition virtually via Zoom, he also announced his presence on the record, and his name also was displayed on the computer screen; and (iii) the court reporter attended the deposition virtually via Zoom, announced his presence, and his name was displayed on the computer screen. As you also are aware: (iv) ERAU's counsel, Josh Woodard, attended the deposition in person; (v) Dr. Voorhees' counsel, Dan Warner and Cha'Mira Keener (who appeared on behalf of Dr. Voorhees in Don Stevens' place), attended the deposition in person; (vi) Dr. Voorhees attended the deposition in person; (vii) Plaintiff's counsel, Ms. Foley, attended the deposition in person; and (viii) the

Snell & Wilmer

August 24, 2023
Page 2

videographer attended the deposition in person. In addition to being present in person, Plaintiff's counsel, Ms. Foley, and Dr. Voorhees also were displayed on the Zoom feed.

When ERAU's counsel, Josh Woodard, stepped out of the conference room in which the deposition was being held during breaks, ERAU's counsel, Audrey Chastain; Plaintiff's counsel, Ms. Foley and Mr. Massey; Dr. Voorhees; and the court reporter remained on the Zoom conference. In addition, Plaintiff's counsel, Ms. Foley; Dr. Voorhees' counsel, Dan Warner and Ms. Keener; and the videographer remained in the conference room. During several of these breaks, ERAU's counsel, Audrey Chastain, overheard Mr. Warner and Ms. Foley cooperating in what appeared to be Dr. Voorhees' attempt to help Plaintiff and undermine ERAU – all despite her status as a co-defendant with ERAU and adverse to Plaintiff. Those conversations also evidenced what appeared to be an agreement or understanding between Dr. Voorhees and Plaintiff, yet there was no disclosure of that fact prior to or during Dr. Voorhees' deposition.

For instance, ERAU's counsel, Audrey Chastain, heard the following concerning comments and witnessed the following behavior:

- After the parties went off the record at approximately 3:42 pm and ERAU's counsel, Josh Woodard, left the conference room:
    - Ms. Foley: [Smiling and with wide eyes] "The whole place [ERAU] is going up in flames. Everyone is complaining."
    - Mr. Warner: "And Charlie [Sevastos] is trying to hide behind his bullshit dual role."
    - Mr. Warner: "I'm trying to think if there is anything else…"
    - Ms. Foley: "I will ask about documents to confirm they didn't produce everything. I will get to it if we have time. If not, it will be a meet-and-confer letter."

- After the parties went off the record at approximately 4:32 pm and after ERAU's counsel, Josh Woodard, again left the conference room:
    - Mr. Warner: "There's not much more on that specifically" [referring to Dr. Voorhees' testimony about her termination meeting].

- After the parties ended the deposition and went off the record at approximately 5:12 pm, and after ERAU's counsel, Josh Woodard, left the conference room:
    - Mr. Warner discussed finalizing "the stipulation language."
    - Ms. Foley: "Oh, yes."

Snell & Wilmer

August 24, 2023
Page 3

> o   Mr. Warner: "If they [ERAU] want to play these games[1], so can we
> [Plaintiff and Dr. Voorhees]. This is bullshit."
>
> o   Mr. Warner and Ms. Foley continued to discuss modifying the
> stipulation and/or settlement language and agreed to be in touch.

We also note that:

- Dr. Voorhees' counsel, Mr. Warner, failed to object to any of Plaintiff's
  counsel, Ms. Foley's, questioning;

- Dr. Voorhees' counsel, Mr. Warner, allowed Dr. Voorhees to give lengthy,
  minutes-long answers that were targeted to do nothing but bash and focus on
  ERAU and not on Plaintiff's claims or Dr. Voorhees' counterclaims;

- Plaintiff's counsel, Ms. Foley, asked open-ended questions about ERAU that
  did little more than invite Dr. Voorhees to air her grievances about ERAU
  and Mr. Sevastos – all of which are irrelevant to this matter; and

- In what appears to be another coordinated effort, Plaintiff's counsel, Ms.
  Foley, asked Dr. Voorhees deposition questions regarding Dr. Voorhees'
  request for indemnification by ERAU under its insurance policy – issues that
  are wholly unrelated to Plaintiff's claims or Dr. Voorhees' counterclaims;
  but notably relevant to Plaintiff's and Dr. Voorhees' apparent settlement
  discussions/agreement.

We also note Plaintiff's sworn testimony as follows:

- (Dan Warner) Q: Did you ever try to talk to Mr. Sevastos?
  A:  No. I didn't really know of his existence until that meeting [with Dr.
  Voorhees]. …I know he provides legal advice, but from that, it – to me,
  sounds like he's their lawyer. *See* Davis Deposition Transcript at 160:25-
  161:5.

- (Dan Warner) Q: And how did [Dr. Voorhees] describe [Mr. Sevastos' role]?
  A: From my perception it was that he was dealing with the – the lawyers'
  part of it. So I – when I think of that, I think, like, oh, this school has a lawyer,
  that person is outsourced, which he's not even – from my perception, he's at
  Daytona [Beach], so why would I reach out to someone who's at a different

---

[1] We were disappointed to learn that Dr. Voorhees and Mr. Warner believe the attorney-client
privilege is a game. It is not.

Snell **&** Wilmer

August 24, 2023
Page 4

> campus … Why would I reach out to someone who's at a different campus …
> It just doesn't make any sense to me. Why would I reach out to someone
> who's on a different campus who has no – who has nothing to do with me in
> a physical sense … there's no thought process for me of why I should have
> reached out for him still. *Id*. at 163:15-164:4.

Based upon the above, there now appears to be an effort and significant coordination
by Plaintiff's and Dr. Voorhees' counsel to create an opportunity to depose Mr. Sevastos
via Dr. Voorhees' airing her unrelated grievances about him on the record. To be sure,
however, such efforts do not make Mr. Sevastos' testimony relevant or appropriate,
especially given the underhanded efforts and Plaintiff's sworn testimony noted above. The
only information relevant to this matter is Plaintiff's Title IX complaint and whether that
was handled appropriately, up until the time Plaintiff failed to appeal.

Plaintiff already deposed ERAU's former Title IX Coordinator Dr. Frost – who
testified on ERAU's behalf. And, as noted in ERAU's disclosure statements, Plaintiff
certainly may depose Kelsey Tempas, who investigated Plaintiff's Title IX complaint,
and/or Jason Langston, who has relevant knowledge and information about his
communications with Plaintiff regarding her petition discussing Dr. Voorhees and which
petition was the catalyst for Dr. Voorhees' personal defamation counterclaims against
Plaintiff that were pending, at least until the apparent undisclosed resolution/
understanding. In fact, ERAU agreed to a 60-day extension of discovery, in response to
Mr. Massey's August 1, 2023 email that requested such extension, to give Plaintiff time to
depose Ms. Tempas and to subpoena and depose Mr. Langston. We attach Mr. Massey's
email and our agreement to the requested extension as **Attachment 1**. However, not
surprisingly – given the coordination with Dr. Voorhees – Plaintiff's efforts to depose these
two witnesses have been entirely abandoned by Plaintiff's counsel.

Plaintiff has failed to demonstrate any non-privileged, relevant information that Mr.
Sevastos may have with respect to Plaintiff's Title IX complaint, Plaintiff's claims, or Dr.
Voorhees's counterclaims. Indeed, there is none.

Plaintiff seeks the deposition of ERAU'S General Counsel, *before* obtaining the
information from lower-level employees (including Ms. Tempas, who has information
about Plaintiff's Title IX matter, and Mr. Langston, who has information about his meeting
with Plaintiff to discuss her petition) who have been disclosed as having relevant
information regarding the decisions affecting Plaintiff and who have been made available
for deposition, including during the stipulated discovery extension that was expressly
sought to depose these individuals.

Snell **&** Wilmer

August 24, 2023
Page 5

Mr. Sevastos is a "high-ranking official." *See Andrich v. Dusek*, No. CV-17-00173-TUC-RM, 2019 WL 2775472, at *2 (D. Ariz. July 2, 2019). A high-ranking official (like Mr. Sevastos) may only be deposed if: (1) the individual has first-hand knowledge related to the claims being litigated; ***and*** (2) the information gained from the deposition is ***not available*** through any other source. *See id.*

In *Andrich v. Dusek*, the Court stated that it "discerns a general principle requiring a litigant seeking to depose a high-ranking official *to first make a good-faith attempt to obtain the information elsewhere.*" *Id.* at *2 (emphasis added). Yet, instead of deposing Ms. Tempas and Mr. Langston, Plaintiff is engaging in pure harassing conduct. *See Topete v. City of Mesa*, No. CV-18-03127-PHX-ROS (ESW), 2020 WL 8872800, at *1 (D. Ariz. Apr. 29, 2020) (an apex deposition creates "a tremendous potential for abuse or harassment") (internal quotations and citations omitted).

Mr. Sevastos' involvement vis-à-vis Plaintiff was solely in his capacity as ERAU's General Counsel. Mr. Sevastos did ***not*** participate in any way in Plaintiff's Title IX investigation; he did ***not*** review the Title IX report before it was issued to the parties; he did ***not*** advise Dr. Frost or Ms. Tempas on the investigation; and he did ***not*** draft, review, or revise any communications with Plaintiff or other parties regarding Plaintiff's Title IX complaint or investigation. Had he done so, ERAU would have indicated the same and disclosed him as a witness in a disclosure statement.

ERAU is extremely troubled by Dr. Voorhees' conduct. ERAU is evaluating whether Dr. Voorhees unlawfully created harm to ERAU based upon her surreptitious conduct, and the remedies that may be available. Please note that if Plaintiff notices Mr. Sevastos' deposition, Audrey Chastain will sign and file a declaration regarding the comments between Jenny Foley and Dan Warner.

Plaintiff's request to depose ERAU's General Counsel is premature at best, is harassing, seeks irrelevant and privileged information, and is inappropriate. We respectfully decline to produce Mr. Sevastos for his deposition at this time.

We are pleased to discuss the above, if helpful.

# Snell & Wilmer

August 24, 2023
Page 6

Very truly yours,

Snell & Wilmer

Joshua R. Woodard
Audrey E. Chastain

JRW

Enclosures: Attachment 1

4870-3358-7578

# ATTACHMENT 1

## Chastain, Audrey

| | |
|---|---|
| **From:** | Chastain, Audrey |
| **Sent:** | Thursday, August 3, 2023 9:26 AM |
| **To:** | Daniel Warner; Adam Massey; Woodard, Josh; dstevens@ledbetterlawaz.com; Raees Mohamed |
| **Cc:** | Alex Shepard; Jenny Foley; mjr@randazza.com; Chastain, Audrey; Boone, Leslie |
| **Subject:** | RE: Davis v. Vorhees Discovery Extension |

Hi all,

We also have no objection and are happy to review a joint stip/motion to extend. Thanks.

Josh and Audrey

**Audrey E. Chastain**
office: 520.882.1252 | mobile: 520.241.7110
achastain@swlaw.com

Snell & Wilmer
swlaw.com | disclaimer

---

**From:** Daniel Warner <Dan@rmwarnerlaw.com>
**Sent:** Thursday, August 3, 2023 9:01 AM
**To:** Adam Massey <adam@cagoldberglaw.com>; Woodard, Josh <jwoodard@swlaw.com>; Chastain, Audrey <achastain@swlaw.com>; dstevens@ledbetterlawaz.com; Raees Mohamed <raees@rmwarnerlaw.com>
**Cc:** Alex Shepard <ajs@randazza.com>; Jenny Foley <jlf@randazza.com>; mjr@randazza.com
**Subject:** Re: Davis v. Vorhees Discovery Extension

**[EXTERNAL]** dan@rmwarnerlaw.com

---

We have no objection. Thanks.

DANIEL R. WARNER, ESQ.

RM WARNER, PLC

8283 N. Hayden Rd., Suite 229

Scottsdale, Arizona 85258

Phone: 480-331-9397

Cell: 480-251-0795

Fax: 866-961-4984

Email: dan@rmwarnerlaw.com

www.rmwarnerlaw.com



Follow us on Facebook, Instagram, Twitter, and Linkedin to learn more.

Please confirm receipt of all time sensitive or important information sent by email. We are not responsible for e-mail not received due to excessive email or strong spam filters.  This message and the information in it are attorney/client privileged and/or confidential. Use by anyone other than the intended recipient is strictly prohibited. Unless we have formally agreed to be retained by you as your attorney we are not your attorney and nothing in this e-mail is legal advice.  Circular 230 Disclosure: Nothing herein is intended to convey an expression of an opinion as to the likelihood that a tax position would ultimately prevail if challenged by the IRS. Nothing herein was written, nor can it be used by the recipient or anyone else, for protection from penalties that might be imposed by the IRS. This e-mail is intended solely for the recipient to which it is addressed, and no-one else should rely on this e-mail. The person to which this e-mail is addressed is under no obligation to keep this email confidential.  We are a debt relief agency. We provide assistance with respect to credit defaults, mortgage foreclosures, eviction proceedings, excessive debt, debt collection pressure or inability to pay any consumer debt. We help people file for bankruptcy relief under the Bankruptcy Code.  If this communication concerns negotiation of a contract or agreement, the Uniform Electronic Transactions Act does not apply to this communication. Contract formation in this matter shall occur only with manually affixed original signatures on original documents.

**From:** Adam Massey <adam@cagoldberglaw.com>
**Sent:** Tuesday, August 1, 2023 11:33 AM
**To:** Woodard, Josh <jwoodard@swlaw.com>; Chastain, Audrey <achastain@swlaw.com>; Daniel Warner <Dan@rmwarnerlaw.com>; dstevens@ledbetterlawaz.com <dstevens@ledbetterlawaz.com>; Raees Mohamed <raees@rmwarnerlaw.com>
**Cc:** Alex Shepard <ajs@randazza.com>; Jenny Foley <jlf@randazza.com>; mjr@randazza.com <mjr@randazza.com>
**Subject:** Davis v. Vorhees Discovery Extension

Dear Audrey, Josh, Dan and Don,

I hope you are well. Based upon information produced during Dr. Frost's deposition, we would like to depose Kelsey Tempas and Jason Langston. We understand that Mr. Langston is no longer working at ERAU, and will need to subpoena him.

Would you stipulate to a 60-day extension of discovery, so that we have the opportunity to subpoena Mr. Langston, and depose him and Ms. Tempas?

Respectfully,
Adadm

Adam G. Massey, Partner
C. A. Goldberg, PLLC
16 Court Street, 33rd Floor
Brooklyn, NY 11241
646.666.8908
E:  Adam@cagoldberglaw.com

www.cagoldberglaw.com

This email and any annexed attachments is intended for the person to whom it is addressed and may contain information that is privileged,

confidential or otherwise protected from disclosure.  If you are not the intended recipient please respond immediately to the sender and delete and destroy the original message and all copies and attachments, and you are further notified that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited.

# EXHIBIT B

# EXHIBIT B

**From:** Don C. Stevens <dstevens@ledbetterlawaz.com>
**Sent:** Friday, August 25, 2023 3:15 PM
**To:** Woodard, Josh <jwoodard@swlaw.com>
**Cc:** Daniel Warner <Dan@rmwarnerlaw.com>; Teri Back <tback@ledbetterlawaz.com>
**Subject:** RE: Ms. Chastain

[EXTERNAL] dstevens@ledbetterlawaz.com

Josh,

I appreciate your response below. I honestly thought that this could and should be handled the way 26(b)(6)(B)(i-iv) anticipates, without causing Ms. Chastain any grief, and without getting the Court involved. I am sure that you did not mean to imply that Ms. Chastain had every right to eavesdrop on opposing counsel, even unintentionally, without the professional courtesy of advising opposing counsel that she could hear them. To the extent that it involved settlement discussions protected under Rule 408, Ms. Chastain could not possibly have decided that it was permissible to continue to listen to opposing after the first 5-10 seconds. The comment to ER 4.4 (b)(1) states: "*Responsibility to a client requires a lawyer to subordinate the interests of others to those of the client, but that responsibility does not imply that a lawyer may disregard the rights of others*…"

I am not passing judgment on Ms. Chastain, and I have great respect for you and your firm. I think that we owe it to the profession to identify occasional lapses of judgment or lack of experience and hold each other accountable to the highest standards. I am sure we do not disagree about those principles.

*Don Stevens*
**Member**
**The Ledbetter Law Firm, P.L.C.**

1

**The Ledbetter Law Firm, P.L.C.**
**1003 North Main Street, Cottonwood, AZ 86326**
**Phone: 928-649-8777 Fax: 928-649-8778**

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message is prohibited. If you receive this message in error or are not the named recipient(s), please notify the sender either at the above e-mail address or telephone (928) 649-8777.  Thereafter, please delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is unintended and not a knowing or voluntary waiver of any attorney-client, work product, or other privilege. Thank you.

**From:** Woodard, Josh [mailto:jwoodard@swlaw.com]
**Sent:** Friday, August 25, 2023 2:40 PM
**To:** Don C. Stevens <dstevens@ledbetterlawaz.com>
**Cc:** Teri Back <tback@ledbetterlawaz.com>; Chastain, Audrey <achastain@swlaw.com>
**Subject:** RE: Ms. Chastain

Hi Don,

We appreciate you sharing your position that the conversation between: (i) Jenny Foley acting as plaintiff's counsel; and (ii) Dan Warner acting as defendant Dr. Voorhees' counsel is privileged. However, this position is difficult to understand given that you neither mention what privilege is being asserted nor articulate how a conversation between opposing counsel could be privileged in the first instance.

The conversation we referenced is one that occurred when: (a) Cha'Mira Keener, acting as Dr. Voorhees' counsel, was in the physical room; (b) the videographer was also in the physical room; (c) Adam Massey, acting as plaintiff's counsel, was on Zoom (as identified on the Zoom page at the time); (d) Audrey Chastain, acting as ERAU's counsel, was on Zoom (as identified on the Zoom page at the time); and (e) the court reporter was on Zoom (as identified on the Zoom page at the time). The conversation was between opposing counsel, with many other individuals there – both in person and virtually. To be sure, the conversation was not confidential, it did not involve legal advice, and it was not a communication between an attorney and a client. There was no inadvertent disclosure of anything, let alone "inadvertent disclosure of privileged material." In addition, as we noted in our letter to all counsel, while there was the evident collusion and a fair share of ERAU-bashing being discussed, there were no settlement terms being discussed, only the word, "stipulation" was mentioned by Dan Warner at the end of the day.

We would be pleased to address this matter with the Court.

Thanks.

Josh

**Joshua R. Woodard**
office: 602.382.6281 | mobile: 602.284.4140
jwoodard@swlaw.com
Snell **&** Wilmer
swlaw.com | disclaimer

**From:** Don C. Stevens <dstevens@ledbetterlawaz.com>
**Sent:** Friday, August 25, 2023 9:13 AM
**To:** Woodard, Josh <jwoodard@swlaw.com>; Chastain, Audrey <achastain@swlaw.com>

**Cc:** Teri Back <tback@ledbetterlawaz.com>
**Subject:** Ms. Chastain


**[EXTERNAL]** dstevens@ledbetterlawaz.com

---

PERSONAL AND CONFIDENTIAL

Josh,

I was surprised that your letter regarding the deposition of Mr. Sevastos included the disclosure that Ms. Chastain had listened in on private conversations between opposing counsel during a break. Rule 26(b)(6)(B) has guidance about what opposing counsel must do in the event of an inadvertent disclosure of privileged material. Ms. Chastain obviously knew that the conversation was about possible settlement and was certainly intended to be confidential. I think that professional responsibility and common courtesy required her to immediately announce her presence and that she was still on the call.  ERAU's use of her information about what was said to attack the credibility or veracity of Dr. Voorhees only compounds the ethics problem. May I suggest that on behalf of your firm and ERAU, you will promptly comply with the remedial measures outlined in Rule 26(b)(6)(B) without the need for court intervention.

Thank you.

*Don Stevens*

**Member**
**The Ledbetter Law Firm, P.L.C.**

**The Ledbetter Law Firm, P.L.C.**
**1003 North Main Street, Cottonwood, AZ 86326**
**Phone:  928-649-8777 Fax:  928-649-8778**

**This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message is prohibited. If you receive this message in error or are not the named recipient(s), please notify the sender either at the above e-mail address or telephone (928) 649-8777.  Thereafter, please delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is unintended and not a knowing or voluntary waiver of any attorney-client, work product, or other privilege. Thank you.**